(No. 11356.—Judgment affirmed.)

THE SMITH-LOHR COAL MINING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed June 21, 1917.*

1. WORKMEN'S COMPENSATION—*the writ of certiorari provided in section 19 of the Compensation act is different from the common law writ.* The writ of *certiorari* provided in paragraph (*f*) of section 19 of the Workmen's Compensation act for review of the decision of the Industrial Board is different from the common law writ, as it is issuable upon a *præcipe* filed with the clerk of the circuit court and service must be had not only on the board but also on the other party or parties interested in the review.

2. SAME—*circuit court can review decision of the Industrial Board only by the method pointed out in statute.* The circuit court can review the decision of the Industrial Board upon a claim for compensation only by the method pointed out in the statute and not by a common law writ of *certiorari.*

3. SAME—*when evidence will be presumed to have been sufficient to sustain decision of Industrial Board.* Where the record shows that evidence in addition to that contained in the steno-

graphic report of the evidence before the arbitrators was heard before the Industrial Board it will be presumed that such additional evidence was sufficient to sustain the finding of the board if there is nothing to show what the additional evidence was.

4. SAME—*verbal notice of accident is sufficient.* Verbal notice to the employer of the employee's injury and the claim therefor is sufficient.

WRIT OF ERROR to the Circuit Court of Christian county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

E. E. DOWELL, for plaintiff in error.

GRIFFITH & PHILLIPS, and McDAVID & MONROE, for defendants in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This writ of error is prosecuted to review the judgment of the Christian county circuit court quashing a writ of *certiorari* issued out of said court to review the record of the Industrial Board in the proceedings of Charles Gent upon his claim for compensation under the Workmen's Compensation act.

This case was first tried in accordance with the provisions of the Workmen's Compensation act of 1913. The committee of arbitration found for plaintiff in error against the claim for compensation. The claimant filed his petition for review with the State Industrial Board, and filed with said board on November 11, 1915, a stenographic report of the evidence taken before the committee of arbitration. The decision of the arbitration committee was filed with the Industrial Board on November 9, 1915, and the cause was heard before the board at Pana on March 20, 1916. Said board had submitted to it the stenographic report of the evidence taken before the committee of arbitration and also considerable additional testimony. After consideration of all the evidence before it the Industrial Board found for the claimant and awarded him compensation in the sum of

$286.80,—$7.17 per week for forty weeks,—for temporary total incapacity, and further awarded him $7.17 per week for a period of one hundred weeks for the loss of an eye. The judgment of award of the Industrial Board was filed in the office of said board May 16, 1916.

Plaintiff in error presented a petition to Hon. Thomas Jett, circuit judge, in vacation, entitled to the August term, 1916, of the circuit court of the said county. The petition prayed for a writ of *certiorari* directed to the Industrial Board commanding it to certify to the circuit court of Christian county a full, true and complete record of the proceedings in said cause for review by said court and for an order setting aside and declaring void the finding and decision of the said board. The circuit judge entered an order in vacation on said petition directing the clerk to issue the writ. No *præcipe* was ever filed with the circuit clerk for such a writ and no service is shown on the claimant, Charles Gent, either by *scire facias* or by notice mailed to him. At the August term of the court the claimant entered his special and limited appearance and moved the court to quash the writ upon the grounds (1) that the proceeding for said writ was at common law and not in the manner provided by statute; (2) that plaintiff in error had not complied with the statute so as to entitle it to a review of the decision of the Industrial Board, because it had failed to file with said board a stenographic report or agreed statement of facts of the proceedings and additional evidence taken before the Industrial Board at its hearing, as required by paragraph (*e*) of section 19 of the Workmen's Compensation act of 1913, as amended in 1915; (3) that no service was had on the claimant, Charles Gent, by *scire facias* or by written notice; and (4) that the record is sufficient, in law, to sustain the Industrial Board.

Plaintiff in error makes no reply to the claimant's contention that the writ was properly dismissed for the first three reasons assigned in claimant's motion, but insists that

the award in favor of claimant is erroneous because the record fails to show that a notice of the accident was given to plaintiff in error as provided by section 24 of the Compensation act, and that the proof failed to show that this is such a case in which notice is not required; also, that the evidence in the record does not support the award for temporary total incapacity because the claimant's physical condition was that of total and permanent disability and had none of the elements of "temporary total incapacity."

Paragraph (*e*) of section 19 of the Compensation act, among other things, provides that any person desiring to have a decision of the Industrial Board reviewed may, within twenty days after the receipt of notice of the board's decision, or within such further time, not exceeding thirty days, as the board may grant, file with the board either an agreed statement of the facts appearing upon the hearing, or, if such party shall so elect, a correct stenographic report of the additional proceedings presented before the board, in which report the party may embody a correct statement of such other proceedings in the case as such party may desire to have reviewed, such statement of facts or stenographic report to be authenticated by the signature of the parties or their attorneys, and in the event that they do not agree, then the authentication of such report shall be by the signature of the chairman of the board. The application for adjustment of claim and other documents in the nature of pleadings filed by either party, together with the decisions of the arbitrators and of the Industrial Board, and the statement of facts or stenographic report provided for, shall be the record of the proceedings of said board and shall be subject to review as thereinafter provided. Paragraph (*f*) of section 19 provides: "The circuit court of the county where any of the parties defendant may be found shall by writ of *certiorari* to the Industrial Board have power to review all questions of law presented by such record. Such writ shall be issued by the clerk of such court upon *præcipe*.

Service upon any member of the Industrial Board or the secretary thereof shall be service on the board, and service upon other parties in interest shall be by *scire facias,* or service may be made upon said board and other parties in interest by mailing notice of the commencement of the proceedings and the return day of the writ to the office of said board and the last known place of residence of the other parties in interest at least ten days before the return day of said writ."

By paragraph (*f*) of section 19 the statutory writ of *certiorari* is provided, and it is an entirely different writ from the common law writ of *certiorari,* as it is issuable upon a *præcipe* filed with the clerk of the circuit court, and service must be had not only on the board but also on the other party or parties interested in the review of said record. (*People* v. *McGoorty,* 270 Ill. 610.) The writ as issued in this case, upon petition presented to the court, is the common law writ of *certiorari.* (6 Cyc. 781.) The method of review by the circuit court being statutory, the circuit court could only review the questions raised in this record by the method pointed out by the statute.

The decision of the Industrial Board contains this statement: "Considerable additional testimony was presented and the cause was submitted to the board upon the stenographic report made at the hearing before the committee of arbitration." By failing to file an agreed statement of the facts as shown by such additional testimony, or a stenographic report of the same, a material step in the proceedings to review the decision of the board was omitted. It must be presumed that the additional evidence so heard was sufficient to sustain the board's findings, in the absence of such additional testimony from the record. This court has held that verbal notice to the employer is sufficient. (*Suburban Ice Co.* v. *Industrial Board,* 274 Ill. 630.) Some evidence appears in the stenographic report of the evidence taken before the committee of arbitration that claimant had

notified plaintiff in error verbally of his injury and his claim therefor, and. that plaintiff in error's agent whose duty it was to look after such matters was fully informed of claimant's condition and the cause and date of his injury. In. the absence of a report of the additional testimony the finding of the board that sufficient notice had been given is therefore conclusive. It must also be assumed that the additional evidence offered supported the finding of the board on the question of temporary and total disability.

For the reasons above given the judgment of the circuit court dismissing the writ is affirmed.

*Judgment affirmed.*