[S. F. No. 7584. In Bank.—October 4, 1917.]

## TALLAC COMPANY, Individually, etc., Petitioner, v. A. J. PILLSBURY et al., Respondents.

WORKMEN'S COMPENSATION ACT—INJURIES TO MATE OF VESSEL IN FOR-
EIGN PORT—AWARD—LACK OF JURISDICTION—MARITIME CONTRACT.—
Under the Workmen's Compensation, Insurance and Safety Act of
1913, the Industrial Accident Commission has no jurisdiction to
award compensation for injuries received by the mate of a vessel
while engaged in assisting in loading the vessel at a foreign port,
he being hired in this state for a voyage to such port and return,
as the contract of employment was a maritime contract relating to
foreign commerce within the exclusive jurisdiction of the courts of
the United States.

APPLICATION for a Writ of Certiorari to review an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

McCutchen, Olney & Willard, and Ira A. Campbell, for Petitioner.

Christopher M. Bradley, for Respondents.

SHAW, J.—Proceeding in review, under section 84 of the Workmen's Compensation, Insurance and Safety Act of 1913 [Stats. 1913, p. 318].

Henry G. Classen was second mate of the steamer "Tallac," which was owned in part and entirely managed by the Tallac Company, the petitioner herein. The home port of the steamer was San Francisco, California. Classen was hired in San Francisco by said company as second mate of the "Tallac" for the voyage from San Francisco to New Westminster, British Columbia, and return. While at the port of New Westminster, engaged in loading poles upon the steamer, on October 8, 1914, he was injured by accident in the course of his employment. On reaching San Francisco in April, 1915, he applied to the Industrial Accident Commission for relief under the aforesaid act. The case was heard and the commission made him an award against the Tallac Company for the payment of $627.84 in cash, and $1,308 in weekly install-ments of $17.44 each for seventy-five weeks. The Tallac

Company applies to this court to annul said award, claiming that the Industrial Accident Commission had no jurisdiction. This presents the sole question for our consideration.

The contract of service in the performance of which Classen was injured was clearly a maritime contract relating to foreign commerce, and was of a character which brings the case within the admiralty and maritime jurisdiction given by the constitution of the United States to the courts of the United States. When the case was first submitted to this court it was discovered that the question whether or not it was within the power of a state, by means of such laws as the Workmen's Compensation, Insurance and Safety Act of this state, to impose additional burdens upon such commerce, was involved in a case then pending in the supreme court of the United States. Thereupon the submission was set aside and consideration of the case postponed to await decision of the question by the court of paramount authority.

On May 21, 1917, in *Southern Pac. Co.* v. *Jensen*, 244 U. S. 205, [61 L. Ed. 1086, 37 Sup. Ct. Rep. 524], the supreme court of the United States decided that the Workmen's Compensation Act of New York, which, in all respects material to the question, is similar to that of this state, could not be extended to workmen injured while assisting in unloading a steamer in navigable waters in New York, if such steamer was then engaged in commerce between the states, or in foreign commerce. The court said: "Exclusive jurisdiction of all civil cases of admiralty and maritime jurisdiction is vested in the federal district courts, 'saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it.' The remedy which the compensation statute attempts to give is of a character wholly unknown to the common law, incapable of enforcement by the ordinary processes of any court, and is not saved to suitors from the grant of exclusive jurisdiction." This decision is conclusive of the case at bar. The Industrial Accident Commission was without jurisdiction to make any award for the injury complained of, and its adjudication is invalid.

The award is annulled.

Sloss, J., Lawlor, J., Henshaw, J., and Angellotti, C. J., concurred.