(No. 11936.—Judgment affirmed.)

THE DAVID BRADLEY MANUFACTURING WORKS, Defendant in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.*—(JOHN GARRETT, Plaintiff in Error.)

*Opinion filed April 17, 1918—Rehearing denied June 5, 1918.*

1. WORKMEN'S COMPENSATION—*legal conclusions of Industrial Board not based on evidence are not binding on Supreme Court.* While the Supreme Court will not disturb an award for insufficient evidence where the evidence is conflicting and there is competent evidence tending to sustain the decision, legal conclusions of the board not based on any evidence are not binding on the court and will not be sustained.

2. SAME—*evidence before Industrial Board must be preserved by plaintiff in error in Supreme Court.* Where the circuit court has reversed the decision of the Industrial Board it is not incumbent on the defendant in error in the Supreme Court to bring up the evidence to support the judgment of the circuit court, but the presumptions are in favor of said judgment and the plaintiff in error must overcome those presumptions by preserving the evidence. (*Smith-Lohr Coal Mining Co.* v. *Industrial Board,* 279 Ill. 88, explained.)

WRIT OF ERROR to the Circuit Court of Kankakee county; the Hon. ARTHUR W. DESELM, Judge, presiding.

RICE, LOWES, O'NEIL & RICHARDS, for plaintiff in error.

ADLER, LEDERER & BECK, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error, John Garrett, filed a notice of claim with the Industrial Board against defendant in error, the David Bradley Manufacturing Works, with a statement the parties had been unable to agree upon compensation claimed for an injury alleged to have been received by plaintiff in error in the course of and arising out of his employment and requesting that a committee of arbitration be appointed.

The injury was alleged to have been sustained May 12, 1915, while "raising a heavy piece of iron or machinery to attach or hook it to a carrier, to be then carried to a tank of paint," and under the head, "Description of accident and cause of injury," stated, "Suddenly struck with paralysis, caused from heavy lifting." This notice and claim were filed with the Industrial Board September 29, 1915. Thereafter each of the parties selected an arbitrator, and the Industrial Board appointed an arbitrator who acted as chairman of the committee of arbitration. A hearing was had before said committee November 11, 1915, and an order was entered finding that plaintiff in error was not entitled to recover compensation for his injury. Within the time required by law plaintiff in error filed a petition with the Industrial Board for a review of the decision of the committee of arbitration. Counsel now representing plaintiff in error did not represent him before the committee of arbitration but were employed to represent him before the Industrial Board on the review. At the hearing before the committee of arbitration it was stipulated by counsel representing both parties that the taking of the testimony by a stenographer, as provided by section 16 of the Workmen's Compensation act, be waived. Counsel for plaintiff in error prepared and filed with the Industrial Board in apt time what purported to be a statement of the facts appearing at the hearing before the committee of arbitration, which was authenticated by counsel for plaintiff in error and by the chairman of the committee of arbitration but was not authenticated by counsel for defendant in error. Defendant in error entered its special appearance before the Industrial Board for the purpose of challenging the jurisdiction of said board to review the award of the committee of arbitration. The reasons assigned for said motion were that plaintiff in error had not filed either an agreed statement of the facts appearing before the committee of arbitration or a correct stenographic report of the proceed-

ings at the hearing before said committee. In opposition to said motion one of counsel for plaintiff in error testified before said board, in substance, that defendant in error procured to be present at the hearing before the committee of arbitration a circuit court reporter who took the testimony of witnesses at said hearing; that after he was employed in the case witness applied to said court reporter for a transcript of the evidence, but the reporter refused to furnish it unless he would procure the consent of counsel for defendant in error; that he endeavored to secure the consent of defendant in error's counsel but they refused to give it; that he then prepared, as best he could from interviewing witnesses who were present at the hearing and the attorney who then represented plaintiff in error at that hearing, a statement of facts; that he furnished a copy of said statement to counsel for defendant in error and inquired if he was willing to sign it as an agreed statement of facts, but he refused to do so and said it was not a correct statement of the facts; that witness asked counsel what corrections he could offer or suggest, and he replied he would not offer any and said he would not sign any statement of facts; that after that refusal the purported statement of facts, authenticated by counsel for plaintiff in error and the chairman of the committee of arbitration, was filed with the Industrial Board. The board denied the motion to dismiss the petition for review but considered the case, heard additional evidence and made an award to plaintiff in error of $6 per week for 416 weeks and thereafter a pension for life of $16.64 per month. Defendant in error took no part in the proceedings before the Industrial Board after its motion to dismiss was overruled. Defendant in error sued out of the circuit court of Kankakee county a writ of *certiorari* under the Workmen's Compensation act to review the decision and award of the Industrial Board. The circuit court quashed and set aside said award and made an order that the case was one proper to be reviewed by this court, and

this writ of error was sued out to review the judgment of the circuit court.

In our view of the case, if it be conceded that the Industrial Board properly denied the motion of defendant in error to dismiss the petition for review, still this judgment must be affirmed. There is no evidence preserved in this record, either on the hearing before the committee of arbitration (except said statement of facts) or before the Industrial Board, except the testimony of one of counsel for the plaintiff in error in opposition to the motion before the Industrial Board to dismiss the petition for review. The statement of facts as prepared by counsel for plaintiff in error, heard before the committee of arbitration, is in the record. It appears from said statement of facts that on May 12, 1915, the plaintiff in error "was engaged in lifting disks from the floor and hanging them on a hook higher than his head, taking two disks at a time, weighing about twenty-five pounds. While he was in the act of hanging two of said disks on such hook, said disks being about twenty-five pounds in weight, and while holding such disks over his head, he began to quiver and tremble, and another workman seeing this took the disks from him and assisted him to a truck, where he sat down." He was removed at once to the office of defendant in error and its physician called to examine and treat him. His right side was paralyzed. The physician of defendant in error told plaintiff in error to get another doctor to treat him, and he did so, remaining constantly under the treatment of the physician up to the time of the hearing. He is still paralyzed and permanently disabled. He was receiving $1.80 per day as wages, had been steadily employed up to the time of his disability, and was a strong, healthy man except for an injury he received in 1914 which disabled him for about two months, and also in the same year he had an attack of bronchitis which disabled him about six weeks.

It is stated in plaintiff in error's brief and not denied, and also in the written decision of the Industrial Board, that he was not able to testify at the hearing before the committee of arbitration. It appears he did testify before the Industrial Board, and that two physicians also testified in his behalf, but none of that testimony is in the record. An examination of the written decision of the Industrial Board discloses that body made its award on the ground that previous to the time plaintiff in error became faint and dizzy while attempting to lift the disks above his head, he had fallen while descending a stairway and struck his head against the frame of a door, which caused him to feel dizzy and tremble; that he had another fall before returning to the work of lifting the disks, and that medical testimony was to the effect that the blow on the head caused a hemorrhage, which was undoubtedly the cause of the paralysis.

The decision of the Industrial Board does not purport to set out the testimony heard by it, even in substance, but gives the conclusions of the board drawn from the testimony. Those conclusions appear to have been drawn from evidence that plaintiff in error's injury resulted from a fall "while descending the stairs" and striking his head against the frame of a door. Where the stairway was, when the fall occurred, and whether plaintiff in error was in the line of his duty and employment at the time, is not stated. The decision does not state when, after the fall, he returned to work, but that "after returning to work" he had another fall. "He returned to work," and while lifting the disks above his head became faint and dizzy and sank to the floor, since which time he has suffered from paralysis of the right side and leg and of the tongue. So far as this record shows no notice was ever given defendant in error of any injury resulting from a fall down a stairway. The only notice to defendant in error of any injury suffered by plaintiff in error was that of an injury caused by heavy lifting. Admitting he made a mistake in attributing his paralysis to

heavy lifting when it, in fact, resulted from the fall down
the stairway, it should in some way appear when the fall
occurred and that the injury arose out of and in the course
of the employment. While this court will not disturb an
award for insufficient evidence where the evidence is con-
flicting and there is competent evidence tending to sustain
the decision, legal conclusions of the board not based on
any evidence are not binding on this court and will not be
sustained. *Dietzen Co.* v. *Industrial Board,* 279 Ill. 11.

Plaintiff in error contends that the evidence heard by
the Industrial Board on review not having been preserved
it will be presumed it was sufficient to sustain the board's
decision, and relies on *Smith-Lohr Coal Mining Co.* v. *In-
dustrial Board,* 279 Ill. 88. In that case the committee of
arbitration found against the claimant. On review before
the Industrial Board, where "considerable additional testi-
mony" was heard, an award was made in claimant's favor.
The decision of the Industrial Board was affirmed by the
circuit court and the record was brought to this court for
review by writ of error sued out by the coal mining com-
pany. The additional testimony heard on the petition for
review by the Industrial Board was not preserved in the
record, and this court held: "It must be presumed that
the additional evidence so heard was sufficient to sustain
the board's findings, in the absence of such additional tes-
timony, from the record." In this case the circuit court re-
versed the decision and award of the Industrial Board and
plaintiff in error has brought the record here to secure a
reversal of the judgment of the circuit court. In order to
justify that result it must be made to appear that the deci-
sion of the Industrial Board was justified by the evidence
heard by it and that the judgment of the circuit court was
wrong. This being a proceeding at law, it was not incum-
bent on the defendant in error to bring up the evidence to
support the judgment. The presumptions are in favor of
the judgment of the circuit court and plaintiff in error must

overcome those presumptions.    That is the doctrine of the *Smith-Lohr Coal Mining Co.* case.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*