[S. F. No. 10435. In Bank.—February 1, 1924.]

NORTH PACIFIC STEAMSHIP COMPANY (a Corporation), Appellant, v. WILLIAM T. SOLEY, Respondent.

[1] WORKMEN'S COMPENSATION ACT—INJURY TO STEVEDORE ON NAVIGABLE WATERS—INDUSTRIAL ACCIDENT COMMISSION—JURISDICTION. The Industrial Accident Commission has no jurisdiction to make an award for injuries to a stevedore received while he was engaged in loading a cargo on a vessel lying in navigable waters, which vessel was engaged in interstate commerce, as such case is one arising under the general maritime law.

[2] ID. — LACK OF JURISDICTION — FAILURE TO QUESTION IN TIME. — Although the award in such case showed on its face that it was beyond and in excess of the jurisdiction of the Industrial Accident Commission, a writ of *certiorari* to annul it will not lie unless it is applied for within thirty days as prescribed by the statute, nor will injunction lie to restrain enforcement of the award.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Walter Perry Johnson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Glensor, Clewe & Van Dine for Appellant.

Heidelberg & Murasky and Herbert N. Ellis for Respondent.

WASTE, J.—Plaintiff brought this action to secure an injunction perpetually restraining the Industrial Accident Commission of the state of California and William T. Soley from enforcing an award made by the commission to Soley for injuries alleged to have been sustained by the latter in

1. Applicability of state compensation acts to injuries within admiralty jurisdiction, notes, **Ann. Cas.** 1916B, 88, 280; **Ann. Cas.** 1917E, 919; Ann. Cas. 1918B, 661; **L. R. A.** 1918C, 474.

Power of Congress to permit application of state workmen's compensation laws to injuries within admiralty jurisdiction, notes, 11 **A. L. R.** 1155; 25 **A. L. R.** 1029.

the course of his employment by this plaintiff. The action was dismissed as to the commission. The demurrer of defendant Soley to the first amended complaint was sustained without leave to amend, and from the judgment that plaintiff take nothing by its action, it has appealed.

[1] From the allegations of the complaint it appears that plaintiff was engaged in the business of transporting freight and passengers in interstate commerce between various points on the Pacific coast in the state of California and the states of Oregon and Washington. While so engaged it owned and operated the ocean-going steamer "Breakwater." On a day in June, 1916, while the "Breakwater" was lying in navigable waters of the United States, in the harbor of San Diego, loading a cargo, and at said time actually engaged in interstate commerce, defendant William T. Soley, employed on the vessel as a stevedore, sustained severe injuries by falling down a hatchway. In due course Soley filed an application for compensation for his injuries with the Industrial Accident Commission of the state of California. Throughout the proceedings which followed, plaintiff protested against any award being made. It denied the jurisdiction of the commission to entertain the application and alleged that the accident causing the injury arose out of and in connection with, and was exclusively within, the admiralty and maritime jurisdiction of the United States courts. Notwithstanding the objection of the plaintiff, and over its protest, the commission made, entered, and filed its findings in favor of the applicant, and awarded him substantial compensation for his injuries. The order of the commission making said award is now in full force and effect. A certified copy of the findings and award of the commission has been filed with the clerk of the superior court, and it is alleged that Soley, unless restrained, will cause execution to be issued against the plaintiff for the amount of the award, or as much thereof as may be due and. unpaid. Other allegations of the complaint are to the effect that the plaintiff has no plain, speedy, or adequate remedy' at law. The prayer of the complaint is for an injunction restraining the defendant from seeking to enforce the award of the commission.

Under the facts alleged in the complaint the liability of plaintiff to Soley for the injuries sustained by him pre-

sented a case arising under the general maritime law. Consequently the Industrial Accident Commission of the state of California ·was without jurisdiction in the matter. (*Alaska Packers Assn.* v. *Industrial Acc. Com.,* 191 Cal. 763 [218 Pac. 561]; *Zurich etc. Ins. Co.* v. *Industrial Acc. Com.,* 191 Cal. 770 [218 Pac. 563]; *Relph Co.* v. *Industrial Acc. Com.,* 192 Cal. 451 [220 Pac. 669]; *Sudden & Christenson* v. *Industrial Acc. Com.,* 182 Cal. 437 [188 Pac. 803]; *Southern Pac. Co.* v. *Jensen,* 244 U. S. 205 [Ann. Cas. 1917E, 900, L. R. A. 1918C, 451, 61 L. Ed. 1086, 37 Sup. Ct. Rep. 524, see, also, Rose's U. S. Notes]; *Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149 [11 A. L. R. 1145, 64 L. Ed. 834, 40 Sup. Ct. Rep. 438].) Not having jurisdiction to make an award for the injury complained of, its adjudication was invalid. (*Tallac Co.* v. *Pillsbury,* 176 Cal. 236 [168 Pac. 17].) The Workmen's Compensation Act provided in 1917 (Stats. 1917, p. 831), as now, that within thirty days after an application for a rehearing be-fore the Industrial Accident Commission is denied, or, if the application is granted, ·within thirty days after the rendition of the decision on the rehearing, any party affected thereby may apply to the supreme court of this state or to the district court of appeal of the appellate district in which said person resides for a writ of review for the purpose of having the lawfulness of the order, decision, or award inquired into and determined. In such review the court may determine whether the commission acted in excess of its powers. (Workmen's Compensation Act, sec. 67.) **[2]** It follows, therefore, that if timely application for a writ of review had been made to this court, or to the district court of appeal, the award would have been annulled. (*Tallac Co.* v. *Pillsbury, supra.*) But no such proceeding was perfected. Although it does not appear from the complaint that such is the fact, it was admitted at the oral argument that appellant instituted a belated proceeding in *certiorari* for the purpose of having the lawfulness of this award inquired into and determined. The district court of appeal held that notwithstanding the fact that the award showed on its face that it was beyond and in excess of the jurisdiction of the commission, the writ must be dismissed, application therefor not having been made to the court within thirty days, as prescribed by the statute. (*North Pac. S. S. Co.* v. *Indus-*

*trial Acc. Com.,* 34 Cal. App. 488 [168 Pac. 30].)    A peti-
tion to have the cause heard in this court after judgment in
the district court of appeal, was denied.    (*North Pac. S. S.
Co.* v. *Industrial Acc. Com.,* S. F. No. 8571, Dec. 15, 1917.)
Appellant was, therefore, confronted at the outset of this
action with the circumstance that although materially af-
fected by the award made by the commission it failed to
avail itself of the only method provided by statute whereby
the lawfulness of the action of the commission might be
inquired into.    The Workmen's Compensation Act provides
that no court of the state, except the supreme court and the
district courts of appeal, by writ of *certiorari* or review, as
in the act specified, "shall have jurisdiction to review, re-
verse, correct, or annul any order, rule, regulation, decision,
or award of the Commission, or to suspend or delay the
operation or execution thereof, or to restrain, enjoin or in-
terfere with the Commission in the performance of its
duties."    (Sec. 67, *supra.*)    It was accordingly held in
*Thaxter* v. *Finn,* 178 Cal. 270, 273 [173 Pac. 163], a case
involving a lack of jurisdiction in the Industrial Accident
Commission, which is the exact question presented on this
appeal, that the sole judicial review contemplated by the
Workmen's Compensation Act can be had only where a pro-
ceeding therefor is instituted in the proper court within
the time specified in the act, and the court granted a writ
of *mandamus* to compel the sheriff to enforce a judgment
on an award, admittedly made in excess of the jurisdiction
of the commission.    The cogent reasons for the conclusion
reached by the court in that case need not be repeated
here.    They dispose of the real point in the case, which is
that the method of review of an award of the Industrial
Accident Commission being statutory, the courts can only
review the questions raised by the record of the proceeding
before the commission by the method pointed out in the
statute.    (*Smith-Lohr Coal Min. Co.* v. *Industrial Board,* 279
Ill. 88 [116 N. E. 656, 658].)    All other forms of review are
excluded.    (*People* v. *McGoorty,* 270 Ill. 610 [110 N. E.
791].)

Appellant frankly admits that the purpose of this appeal
is, first, to urge this court to recede from the decision
announced in *Thaxter* v. *Finn, supra,* and, second, to secure
a decision of the United States supreme court on the ques-

tion involved if this court should decide to allow its former decision to stand. In order to lay the foundation for a writ of error to the federal court it advances the contention that as the award of the Industrial Accident Commission in this case was made without jurisdiction it will be a violation of the United States constitution to permit its enforcement, in that it will be depriving plaintiff of its property without due process of law, and of its right to settle a maritime dispute according to the law maritime. We have given due consideration to appellant's contentions and to the argument and briefs offered in its support. We are not convinced that the decision in *Thaxter* v. *Finn* was erroneous, and the judgment of the lower court is affirmed.

Myers, J., Lawlor, J., Lennon, J., Wilbur, C. J., Seawell, J., and Kerrigan, J., concurred.