## VESTAL v. TEXAS EMPLOYERS' INS. ASS'N. (No. 582–4404.)

(Commission of Appeals of Texas, Section B. June 16, 1926.)

**1. Master and servant ⬅══348.**

Workmen's compensation acts will be given liberal construction.

**2. Master and servant ⬅══417(1).**

In view of Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—44 and 5246—45, decision of Industrial Board in compensation case is reviewable only by statutory method of appeal.

**3. Master and servant ⬅══396.**

Courts have no authority to entertain original suit to award compensation, except in manner expressly provided by Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.).

**4. Master and servant ⬅══416½, New, vol. 11A Key-No. Series.**

Vernon's Ann. Civ. St. Supp. 1918, art. 5246—45, provides for enforcement of award of Industrial Accident Board, but not for trial de novo so as in any way to vary or destroy award.

**5. Master and servant ⬅══416.**

Industrial Accident Board is quasi judicial, and its orders are given force after time of finality, and cannot be collaterally attacked.

**6. Master and servant ⬅══419.**

Review of award of compensation by Industrial Accident Board under Vernon's Ann. Civ. St. Supp. 1918, art. 5246—25, because of change of conditions, mistake, or fraud, is peculiarly within province of board itself.

**7. Master and servant ⬅══416½, New, vol. 11A Key-No. Series.**

Filing of suit on compensation award under Vernon's Ann. Civ. St. Supp. 1918, art. 5246—45, in court having jurisdiction, excludes jurisdiction of Industrial Accident Board to thereafter change award.

**8. Master and servant ⬅══416½, New, vol. 11A Key-No. Series—Court may enter judgment on award for default in payment with penalties, and may "mature" further payments, but may not reconsider claim on merits (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—44, 5246—45).**

Where compensation award has become final for want of appeal, and there has been default in payment, court in action on award under Vernon's Ann. Civ. St. Supp. 1918, art. 5246—45, may enter judgment for default, together with 12 per cent. interest as damages and reasonable attorney's fee, and may mature balance of award, but it cannot reconsider claim to any extent upon its merits, in view of article 5246—44; "mature" meaning to hasten due date or to become presently due.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Matured.]

**9. Master and servant ⬅══416½, New, vol. 11A Key-No. Series.**

Failure to comply with award of Industrial Board is not excusable, in absence of order of board timely obtained ending or diminishing payments.

**10. Appeal and error ⬅══1082(2).**

Where plaintiff does not appeal from judgment of trial court, which is reversed by Court of Civil Appeals, he cannot complain, on writ of error, for first time in Supreme Court of trial court's judgment.

**11. Master and servant ⬅══385(20).**

Present worth rule of ascertaining damages is applicable to lump sum awards under Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.).

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by B. A. Vestal against the Texas Employers' Insurance Association. Judgment for plaintiff was reversed and remanded by the Court of Civil Appeals (271 S. W. 225), and plaintiff brings error. Judgment of Court of Civil Appeals reversed, and that of trial court affirmed.

Thos. R. Cox and Bryan, Dycss, Colgin & Suhr, all of Houston, for plaintiff in error.
Morris, Sewell & Morris, of Houston, for defendant in error.

SPEER, J. The writ of error in this case has been granted to review the judgment of the Court of Civil Appeals for the First district, wherein it reversed the judgment of the district court in favor of plaintiff in error against defendant in error, involving the construction of article 5246—45, subd. 2, of Vernon's Annotated Civil Statutes, Supplement 1918, part of the Workmen's Compensation Act. 271 S. W. 225. The question of law presented will be made manifest by a statement of the holding of the two courts.

The trial court found:

"The award of the Industrial Accident Board of the state of Texas made on April 26, 1923, in favor of B. A. Vestal, plaintiff in this suit, requiring the Texas Employers' Insurance Association, defendant herein, to pay to said Vestal the sum of $15 per week for a period of not in excess of 401 weeks, and naming the statutory exceptions, is as final an award as the said board is empowered to make under the statute; that the said award was not appealed from by either party thereto within the prescribed time, thereby rendering same unappealable; and that the said award of said board is and was from the date thereof in full force and effect according to the terms and tenor thereof; that without justifiable cause defendant herein wholly defaulted, and failed to abide by the orders of the said board as expressed in said award, in that they failed and refused to pay to plaintiff in error, upon proper demand, the compensation provided for in said award, no payments having been made by said defendant to plaintiff subsequent to March 4, 1923; that, after failure of defendant to perform in accordance with the award, to wit, June 1, 1923, plaintiff, B. A. Vestal, found it necessary to employ counsel to protect

his rights herein, and did employ A. C. Allen and Thomas R. Cox, attorneys at law, to bring for him on his said claim a suit to mature the same, and collect the full amount thereof, and that said suit was accordingly brought on June 1, 1923; that the evidence showed that, after the date of said award, the defendant paid no money or equivalent thereunder, yet that before the making of said award the defendant had paid as compensation to plaintiff certain payments fom time to time aggregating the sum of $345. It is therefore considered by the court, an l so ordered, adjudged, and decreed, that plaintiff, B. A. Vestal, do have and recover of and from the defendant, the Texas Employers' Insurance Association, the sum of $4,845.89, same representing the value of 401 weekly payments of $15 each, computed at 6 per cent., same being the legal rate of interest in Texas, under the established rule of present worth allowing deduction therefrom the amount of $345, representing previous payments of compensation paid by defendant to plaintiff herein, adding to result $118.97, same representing interest computed at 6 per cent., on the said outstanding and unpaid balance of plaintiff's claim for the period by the filing of this suit and a rendition of this judgment, and adding thereto an amount of $554.38, representing 12 per cent. penalties, plus $500, which the court finds to be a reasonable attorney's fee for the services performed by said attorney herein, the same making a total of $5,674.24."

The Court of Civil Appeals reversed this judgment and remanded the cause, with instructions to hear evidence as to the physical condition of the appellee, Vestal, at the time of and subsequent to the former trial, and then to enter judgment in his favor as follows:

"(1) For the aggregate amount of the $15 installments accrued up to the date of the former trial; (2) for a 12 per cent. penalty thereon; (3) for what the court may determine to be a reasonable attorney's fee for the bringing and prosecuting the suit; (4) for such sum, if any, after taking into consideration his physical condition between the two trials, as it may find shall have accrued during that period; (5) for such weekly payments from and after the date of the judgment then being rendered as it may, based upon his physical condition at that time, find the appellee entitled to, subject, however, to the maximum period prescribed in the Compensation Act and its further provisions relative to the reopening of the cause on the subsequent development of different conditions."

We think the Court of Civil Appeals erred in reversing the judgment of the district court. The question is ruled by a construction of pertinent parts of our Workmen's Compensation Act.

[1] The scheme of compensation to workmen provided by our statute, like that of the other acts by most of the states of this Union, is one unknown to the common law, and is purely of statutory origin, conferring rights and providing remedies otherwise unknown, and it follows, of course, that the rights of all parties are controlled by the express terms of such statute or some construction thereof. The very existence of our complex organized society depends upon the employment of human agents in those industries which have for their object the production and distribution of commodities or the supplying of service to others, and it is now too late to debate, or even to doubt, the economical soundness or constitutional sanction of those wholesome laws of modern date known as Workmen's Compensation Acts. The rigor of the common law, and the ineffectiveness of employers' liability acts predicated upon negligence, have given way to the wholesome and humane doctrine that the industry itself shall bear the cost of its production or service, and that injuries, incapacities, unemployment, and death of the workmen, in the course of, or growing out of, their employment, enter as much into the real cost of such things as do the actual labor of the workmen, the machinery employed, or the insensate material consumed. It is economically sound and legally just that those losses which are fairly incidental to the business, as a part of its hazards, should be borne by the industry, regardless of the immediate fault or technical negligence of either the employer or the employee. The statutes being thus remedial and wholesome, the courts everywhere have given to them a broad and liberal construction in order to effectuate their intent and purpose. Lumbermen's, etc., Ass'n v. Behnken, 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402; McClure v. Georgia, etc., Co., (Tex. Com. App.) 251 S. W. 800; Corpus Juris, Workmen's Compensation Acts, p. 40, § 34.

[2, 3] Article 5246—45, Vernon's Texas Civil Statutes, 1918 Supplement, provides:

"In all cases where the board shall make a final order, ruling or decision as provided in the foregoing section 5 (article 5246—44) hereof, and against the association, and the association shall fail and refuse to obey or comply with the same and shall fail or refuse to bring suit to set the same aside as in said section 5 is provided, then in that event, the claimant in addition to the rights and remedies given him and the board in said section 5 may bring suit in some court of competent jurisdiction where the injury occurred, upon said order, ruling or decision, and if he secures a judgment in said court sustaining such order, ruling or decision in whole or in part, he shall also be entitled to recover the further sum of twelve per cent. as damages upon the amount of compensation so recovered in said judgment, together with a reasonable attorney's fee for the prosecution and collection of such claim.

"It is further provided that where the board has made an award against an association requiring the payment to an injured employee or his beneficiaries of any weekly or monthly payments, under the terms of this act, and such association should thereafter fail or refuse, without justifiable cause, to continue to make said payments promptly as they mature, then the said injured employee or his beneficiaries, in case of his death, shall have the right to mature the entire claim and to institute suit thereon in

any court of competent jurisdiction where the injury occurred to collect the full amount thereof, together with twelve per cent. penalties and attorney's fees, as provided for in the foregoing paragraph of this section. Suit may be brought under the provisions of this section of the act, either in the county where the accident occurred, or in any county where the claimants reside, or where one or more of such claimants may have his place of residence at the time of the institution of the suit."

Article 5246—44, immediately preceding, declares: ·

"Any interested party who is not willing and does not consent to abide by the final ruling and decision of said board shall within twenty days after the rendition of said final ruling and decision by said board give notice to the adverse party and to the board that he will not abide by said final ruling and decision. And he shall within twenty days after giving such notice bring suit in some court of competent jurisdiction in the county where the injury occurred to set aside said final ruling and decision and said board shall proceed no further toward the adjustment of such claim, other than as hereinafter provided; provided, however, that whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this act, and the suit of the injured employee or person suing on account of the death of such employee shall be against the association if the employer of such injured or deceased employee at the time of such injury or death was a subscriber as defined in this act. If the final order of the board is against the association then the association and not the employer shall bring suit to set aside said final ruling and decision of the board, if it· so desires, and the court shall in either event determine the issues in such cause instead of the board upon trial de novo and the burden of proof shall be upon the party claiming compensation. In case of recovery the same shall not exceed the· maximum compensation allowed under the provisions of this act. If any party to any such final ruling and decision of the board, after having given notice as above provided, fails within said twenty days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto, and, if the same is against the association, it shall at once comply with such final ruling and decision, and failing to do so the board shall certify that fact to the commissioner of insurance and banking, and such certificate shall be sufficient cause to justify said commissioner of insurance and banking to revoke or forfeit the license or permit of such association to do business in Texas."

This last article gives access to the courts for a full hearing upon all the facts of the case, and provides the only method of an appeal or review by the courts of the final ruling or decision of the board. Upon an appeal, so-called, thus taken by either party to 'the final ruling or decision of the board, it is specially declared that the trial shall be de novo, from which it, of course, follows that such proceeding, while it is referred to as an appeal, is in truth an original proceeding in the court having jurisdiction, the determination of which is uninfluenced in any wise by the previous ruling or decision of the board, but the same is tried anew under the· ordinary rules of practice and evidence applicable to that tribunal; the court being authorized "to determine the issues in such cause instead of the board." It is the only trial de novo permitted by the 'statute. It is further to be noted this article provides that—

"If any party to any such final ruling and decision of the board, after having given notice as above provided, fails within said twenty days to institute and prosecute a suit to set the same aside, then the said final ruling and decision shall be binding upon all parties thereto, and, if the same is against the association, it shall at once comply with such final ruling and decision."

It is thus apparent the only method of review by the courts of such· decision by the board is by the statutory appeal. North Pacific, etc., Co. v. Soley, 193 Cal. 138, 223 P. 462; Smith-Lohr, etc., Co., v. Board, 279 Ill. 88, 116 N. E. 656; People v. McGoorty, 270 Ill. 610, 110 N. E. 791; Western Newspaper Union v. Dee, 108 Neb. 303, 187 N. W. 919; Grunnett v. Commission, 108 Or. 178, 215 P. 881. No authority is given them to entertain an original suit to award compensation, save only in the manner just discussed.

[4] Since the tribunal known as the Industrial Accident Board lacks the power to enforce its· own awards, the act contemplates that such awards shall be enforced through suit instituted in a court of competent jurisdiction, where the ordinary writs for the enforcement of judgments generally are available, and it was for this very purpose that article 5246—45 above quoted was incorporated. An examination of the article will show that the primary, if not sole, purpose was to provide a means of enforcing the decision or award of the board as against an association which should fail or refuse to obey or comply with the same after such decision had become final for want of an appeal. The first part of the article appears to deal specially with such awards as are presently payable, as lump sums, while the second part deals specifically with those awards imposing weekly or monthly payments under the terms of the act, but there is nothing contained in such article that in any wise indicates any other purpose than to provide a means of enforcing the ruling or decision of the board which has been permitted to become final for want of an appeal. There is nothing in this article to suggest, much less to declare, that the trial upon a suit thus instituted shall be de novo, or that any question whatsoever that would tend to vary or destroy the award of the board should be considered or determined. The judgment of the Court of Civil Appeals in this case in effect grants to the association the right of appeal,

or, perhaps more accurately speaking, original trial de novo, at least with respect to many of the important matters determined by the board. Counsel for defendant in error accurately defines the purpose of the article in their excellent written argument filed before us, wherein they say:

"Outside of their jurisdiction by appeal, the courts are given jurisdiction for the sole purpose of penalizing the insurance company for willfully failing to obey the decree of the board. * * * As we construe this law, the board can function fully without restriction and the court cannot function to aid the board, and neither will infringe upon the rights of the other. It must be remembered that the intention of the law was to have the district court aid in enforcing a decree that the board has rendered and which should be enforced according to the board's judgment or decree."

But these just considerations lend no support to the judgment now before us for review. Further on counsel for defendant in error also say:

"The very fact that the statute does not cover this situation and does not provide for the district court to render weekly payments or lump sum settlements is a clear indication that the Legislature never intended for the district court to go into such administrative features. In claims such as the one just supposed, where the plaintiff fails to show a willful withholding of payments, it would be an easy matter for the claimant to carry his whole suit to the district court without appealing, and thus impose on the jurisdiction of the court and board, and impose on the insurance company guilty of no wrong."

[5, 6] We may further add along the same line of reasoning, in such a case, that is, one where there had been no appeal, and the award therefore had become final, it would be within the power of any association that might become dissatisfied with the award, merely by withholding payments as they became due, to compel the claimant to institute his suit in the district court for enforcement, whereupon it would reopen the case and try the issues anew, thus in effect availing itself of a review or trial in the courts without a compliance with the statutes of appeal, and in the entire absence of any authority whatever. It cannot thus convert an action for enforcement into one for compensation. It was never intended that such a thing should occur. While the board is not, strictly speaking, a court, nevertheless, its functions are quasi judicial, and its orders are given the force, after a time, of finality, and they cannot be collaterally attacked. Texas, etc., Ass'n v. Shilling (Tex. Civ. App.) 259 S. W. 236; Tidal Refining Co. v. Tivis, 91 Okl. 189, 217 P. 163; Ybaibarriaga v. Farmer, 39 Idaho, 361, 228 P. 227. The purpose of the article being considered is very similar to that of the Idaho statute construed by the Supreme Court of that state in the case last cited, wherein it is said:

"It is clear to our minds that the section above quoted has only to do with one phase of the Workmen's Compensation Law. It will be observed from a reading thereof, and in connection with other provisions of the law relating to appeals from the board to the district court, that it applies only in cases where no appeal has been taken, and is only intended to confer power on the district court to enforce an award of said board where the aggrieved party has failed to avail himself of the right of appeal as provided in other sections of the act."

So here we think the sole purpose of the statute under which this suit was brought is the enforcement of the ruling or decision— the award, in short—of the board in the manner provided therein.

There is a method provided by the statute whereby the award may be modified other than by the statutory appeal given. Article 5246—25 cares for such a situation as may arise by reason of a change of conditions, mistake, or fraud, which would justify or require a reconsideration of the board's decision. That article provides:

"Upon its own motion or upon the application of any person interested showing a change of conditions, mistake, or fraud, the board at any time within the compensation period may review any award or order, ending, diminishing or increasing compensation previously awarded within the maximum and minimum provided in this act, or change or revoke its previous order sending immediately to the parties a copy of its subsequent order or award. Review under this section shall be only upon notice to the parties interested."

[7] This clearly contemplates that at all times the matter of review of the award, because of a change of conditions, mistake, or fraud, is peculiarly the province of the board itself, and this view is in keeping with the evident purpose of the act as a whole that the ruling or decision of the board, in the absence of an appeal within the statutory time, becomes binding, and will be enforced in the manner prescribed in article 5246—45 heretofore discussed. Birdsell Mfg. Co. v. Tripp, 80 Ind. App. 450, 141 N. E. 252; Osborn v. Omaha, etc., Co., 105 Neb. 216, 179 N. W. 1022. Evidently, however, such power to review can only be exercised by the board while its jurisdiction continues. Where there has been an appeal, undoubtedly it has lost such power of review, and we are also of the opinion it has as clearly lost such jurisdiction and power where by reason of default in the matter of appeal and performance a suit has been filed in the proper court having jurisdiction to enforce the award. The Court of Civil Appeals was right in holding that the effort of defendant in error to have the board to review its award by a petition filed after the institution of the present suit came entirely too late, and at a time when the board had no further jurisdiction over its award. To hold otherwise would be to inject confusion into

the statutes, and would go far to destroy article 5246—45, for clearly that article provides and contemplates that, where no appeal is taken, and the association fails or refuses without justifiable cause to comply with the award, a suit may be instituted in the proper court for the sustaining of such order, ruling, or decision, or the maturing of his entire claim, and the collection of the full amount thereof, together with certain penalties and fees; in other words, an enforcement through legal processes of the award. The purpose of this last article is not in any sense to authorize the establishment of a claim, but rather the "sustaining" of the order, ruling, or decision of the board, or "to mature" the entire claim, and to collect the "full amount thereof," with penalties and fees. The cause of action thus conferred 'is not a claim for damages, but is expressly declared to be upon the "order, ruling, or decision" of the board. It is in essence and in law an action on the claim as merged in the award of the board, and the measure of relief to be given in such proceeding is itself fixed by the terms of the statute, which question we now reach for consideration.

[8] Where the order, ruling, or decision of the board has become final for want of an appeal, and where it imposes an amount of compensation presently payable, and there has been default by the association, then the court, upon determining these questions, would enter judgment for such default sustaining such order, ruling, or decision, and would be authorized to award the further sum of 12 per cent. as damages, together with a reasonable attorney's fee for the prosecution and collection of the claim. The phrase "in whole or in part" in connection with the court's sustaining the order, ruling, or decision of the board evidently contemplates the possibility that some payment may have been made and the default therefore not complete. This part of the article makes no provision for maturing the award, for no award of future payments is involved. In the second part of the article it is clearly contemplated that, where the board has made an award against an association requiring payment of any weekly or monthly payments, and the association should thereafter without justifiable cause fail or refuse to continue to make such payments promptly as they mature, then, upon ascertaining these facts, that is, the award, the failure or refusal to pay, and the lack of justifiable cause, the court will proceed no further, but the claimant, as the holder of such award, will be entitled to a judgment maturing the entire claim so as to collect the full amount thereof, together with 12 per cent. penalties, and a reasonable attorney's fee for the prosecution and collection of the claim. While this humane act, the creature of the statute, may be said to have a heart, this particular article may well be said to have teeth. It provides an effective way to enforce compliance with the orders of the board. It does not purport to authorize an adjudication de novo, but rather, upon discovering the order, ruling, or decision, in other words, the award, its final nature, and the inexcusable disobedience thereof, to give to the injured claimant a speedy and effective remedy, and the measure of that remedy is the maturing of the entire claim evidenced by the weekly or monthly payments awarded, so that he may collect the full amount thereof, together with the penalties and fees mentioned. The use of the word "mature" in that connection is significant. It is used in its ordinary sense; that is, as hastening the due date. In the connection in which it is used it can only mean that the entire claim, as evidenced by the award of weekly or monthly payments, is to be matured or declared presently due as though it had matured by lapse of time, and this view is accentuated by the further use of the words "full amount thereof." This can only mean the aggregate of such weekly or monthly payments. The language would not be apt if it were contemplated that a new and different award might be made in the suit other than that made by the board.

This works no unusual hardship upon the association, for the association has it within its power to avoid such consequences by a simple compliance with the final order or the board. The penalties of acceleration of payment and fees can only be visited upon one who has without justifiable cause failed or refused to comply with the decision of the board, so that these penalties are, therefore, self-imposed, and to refuse to inflict them is to do violence to the rule of construction already adverted to and to deny to the claimant a plain statutory right. However, to permit, as does the judgment of the Court of Civil Appeals in this case, the trial court to reconsider the claim to any extent upon its merits is to rob the decree of the board of that quality of finality which the statute accords to it, and to force the claimant to reestablish his claim without even the form of an appeal by the party cast. In short, if the interpretation given by the Court of Civil Appeals is correct, the dissatisfied association, by the easy artifice of default, can compel a suit in the courts, wherein it may again open up, in a very substantial respect, the original claim, notwithstanding the statute (article 5246—44) declares that, upon failure to appeal within the time and manner provided, "said final ruling and decision [of the board] shall be binding upon all parties thereto." It puts a premium, rather than a penalty, upon disobedience of the decree.

We are not aware of any decision construing this article in the particular under consideration. Nor are we aware of any decision of any other state construing similar

language. The case, however, of Moore v. Lumbermen's Association (Tex. Com. App.) 258 S. W. 1051, discusses the nature of the rights of an awardee, and is helpful in some respects. It is there said:

"There is such a variance among the provisions of the statutes [of the different states] and each of them so differs from our compensation statutes that not much assistance in the interpretation of our statutes can be gathered from the decisions determining the question in other states. * * * Compensation is awarded in a definite sum with no conditions attached, except that the payments are to be made weekly. That it is not all due and payable at once does not argue that the present right to the payments when they do mature is not a vested right." -

The award in this case of $15 per week not to exceed 401 weeks is a final and definite award, and in legal contemplation means $15 a week for the full term of 401 weeks, subject only to the statutory power of the board to modify the same in the manner provided in article 5246—25, and, until such modification has been made by the board, at a time when it had jurisdiction over the claim, the award remains a valid and final decision, subject to enforcement in the manner provided by the act, and in the nature of things, when the court having jurisdiction, for cause, sustains an award and visits the statutory penalties, directing execution for enforcement, its judgment is final, as judgments generally are conclusive. It would not at all be consistent with sound legal principles to hold that the board could modify its former award, for that has ceased to be merely an award—it is merged into a judgment of the court.

The reasoning in the course of the opinion in McClure v. Georgia, etc., Co. (Tex. Com. App.) 251 S. W. 800, also tends to support our conclusions with respect to the matter just discussed.

The judgment in a suit brought under article 5246—45 to mature and collect the entire amount of weekly or monthly payments awarded, such as here, is in no just sense the awarding of a "lump sum," as that term is used in the statute. It is the very opposite. It is the enforcement of the weekly or monthly payment award, plus the penalties imposed for default. Consolidated Underwriters v. Saxon (Tex. Com. App.) 265 S. W. 143.

[9] It is not necessary for us to decide what would in all cases constitute justifiable excuse for failure or refusal to comply with an award of the board. Clearly an order of the board timely obtained, ending or diminishing the payments, would be such justifiable cause, and, the law having declared the method whereby this particular excuse may be made available, that is, by an order of the board, such excuse is not justifiable until such order has been actually made. It

does not rest in the whim or even discretion of the association.

The cases of United States Fidelity & Guaranty Co. v. Parsons (Tex. Civ. App.) 226 S. W. 418, and Minor v. London, etc., Co. (Tex. Civ. App.) 267 S. W. 1020, hold differently from our conclusions here indicated. The Supreme Court has never reviewed the former case, but a writ of error has been granted in the latter case, and the cause is now under submission before Section A of our Commission of Appeals.

Another consideration deserves to be noticed. It may be suggested that the possibility of modification of the award within the compensation period, by reason of changed condition, mistake, or fraud, renders specially inequitable and harsh the imposition of the penalty, or maturity of all weekly payments, awarded to an injured employee as distinguished from the beneficiaries of a deceased employee. But, it will be seen that article 5246—25, authorizing readjustment of the award for changed conditions, mistake, or fraud, does not limit the exercise of the power to cases of awards to injured employees; it is broad enough to include awards to beneficiaries of the deceased employee, and, indeed, the latter part of article 5246—45 expressly embraces all awards, whether to "an injured employee or his beneficiaries." And, again, it is clear that an award to beneficiaries is as susceptible to modification by reason of changed conditions, mistake, or fraud, as would be an award to the employee himself. In truth, the article which provides a method for enforcing the award makes no distinction whatever between awards to the employee directly and those to his beneficiaries upon his death.

[10, 11] Logically, the construction we have given the statute would entitle the plaintiff in error, upon the findings of the trial court, which were confirmed by the Court of Civil Appeals, to a judgment maturing his entire claim to the extent of the aggregate of the payments not then due, plus the penalties and attorney's fees found, without any deduction, upon the theory of present worth of the unmatured payments as allowed by the trial court. But this particular phase of the question is not before us, and we do not, therefore, decide it. The plaintiff in error appears to have been content, and we have no authority to correct the judgment in this respect, even though we were of the opinion it is wrong. If an error, it is one committed by the trial court, of which this plaintiff in error did not complain in the Court of Civil Appeals, and of which he is in no position to complain here. The present worth rule is applicable to lump sum awards. Lumbermen's, etc., Ass'n v. Behnken, 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402; Consolidated Underwriters v. Saxon (Tex. Com. App.) 265 S. W. 143.

Since the preparation of the above, the

(285 S.W.)

Supreme Court has decided the case of Minor v. London Guaranty & Accident Co. (Tex. Com. App.) 280 S. W. 163, through an opinion by Judge Bishop. The opinion quotes the very articles here under consideration, and thus decides:

"Under the foregoing provisions of the statutes, the award of the Industrial Accident Board imposed the duty upon the defendant in error to pay according to the terms of the order made and entered by the board. It could, however, have avoided this obligation by giving notice within twenty days to the plaintiff in error and to the board that it would not abide by the order, and within twenty days thereafter filing suit to set same aside. Having failed to give such notice within twenty days, it was then obligated to pay at once the portion of the award which was by the terms of the order then due and to continue to make the weekly payments promptly as they matured. Its failure to comply with this obligation to pay the amount due at once, and to make the weekly payments promptly as they matured, constituted prima facie a failure and refusal to abide by the order, and gave to the plaintiff in error the right to institute suit upon the order of the board to establish same. Under the facts as they appear in this record, plaintiff in error, having elected to mature the entire claim, had the right to do so, and was entitled to judgment, sustaining the order made by the board, maturing the entire claim, and recovering the total amount of the award shown by the order of the board, together with 12 per cent. damages and reasonable attorney's fee."

It is true the Minor Case was an award to beneficiaries, and not to an injured employee, but the award was in the form of weekly payments, and the statute authorizing that suit and this, to mature the award, expressly includes all awards, whether of the one kind or the other. For us to make any difference in this respect is to assume functions not committed to us by any law.

For the reasons given, we recommend that the judgment of the Court of Civil Appeals be reversed. and the judgment of the trial court be in all respects affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.