### TEXAS MIDLAND R. R. v. KAUFMAN COUNTY IMP. DIST. NO. 1.
#### (No. 7307.)

(Court of Civil Appeals of Texas. Dallas. March 20, 1915. Rehearing Denied April 17, 1915.)

1. EMINENT DOMAIN &#8656;8—CONSTRUCTION OF AUTHORITY.

All grants of the governing authority conferring the right of eminent domain are to be strictly construed.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 25, 30, 34, 43, 44; Dec. Dig. &#8656;8.]

2. EMINENT DOMAIN &#8656;47—PROPERTY SUBJECT TO CONDEMNATION—PROPERTY PREVIOUSLY CONDEMNED.

Under Vernon's Sayles' Ann. Civ. St. 1914, enacted for the purpose of reclaiming swamp and overflow lands for agricultural purposes, article 5567 of which confers upon improvement districts generally the right of eminent domain to be exercised for acquiring rights of way for levees, etc., over and through any private or public lands, including levees or other improvements already constructed, the district may condemn a railroad right of way spanned by trestles upon the showing that the right of way for a levee, after filling certain openings therein, would not destroy or injure its use as an integral part of the railroad or materially impair or interfere with or be inconsistent with the railroad's use or be detrimental to the public.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 107–120; Dec. Dig. &#8656;47.]

3. EMINENT DOMAIN ⟜47—PROPERTY PREVIOUSLY CONDEMNED — INCONVENIENCE AND EXPENSE.

In such case, where it appeared that, if the improvement district did not use the railroad right of way, it would entail an increased expense of $3,000 without any compensating benefit, the public interest in the building of the levee to reclaim and increase the value of agricultural lands overcame the railroad's right to halt the construction of such improvement by the cheapest and most utilitarian method by which the purpose of the act might be accomplished, so that matters of convenience and expense to the district might be considered, although, if not considered, they would not make performance of its duty practically impossible.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 107–120; Dec. Dig. ⟜47.]

4. APPEAL AND ERROR ⟜1008 — REVIEW — QUESTION OF FACT.

Where the trial court's conclusions of fact, not challenged by the appellant, are sufficient to support judgment, the Court of Civil Appeals has no authority to disturb them.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3955–3960, 3962–3969; Dec. Dig. ⟜1008.]

Appeal from Kaufman County Court; Jas. A. Cooley, Judge.

Condemnation suit by Kaufman County Improvement District No. 1 against the Texas Midland Railroad. Judgment for complainant, and defendant appeals. Affirmed.

Dashiell & Coon, of Terrell, for appellant. G. C. Groce, of Waxahachie, for appellee.

RASBURY, J. Appellee brought this suit against appellant in the court below under the provisions of title 83, Vernon's Sayles' Civil Statutes 1914, enacted for the purpose of reclaiming, for agricultural uses, swamp lands and those subject to overflow and temporary and permanent excessive accumulation of waters. The purpose of the suit was to condemn, by the right of eminent domain conferred by the act, a portion of appellant's right of way for use by appellee as part of a levee proposed to be constructed under the statutory provisions cited. There was first a hearing before commissioners, as provided by the act, who found that appellee was entitled to appropriate to its use, by way of easement, the specified portion of appellant's right of way and assessed the resulting damages to appellant at $250. Appellant, in the statutory manner, contested the finding of the commissioners, and the proceeding was transferred to the county court of Kaufman county for trial in the ordinary manner for civil cases in the county court. In that court appellant answered by general demurrer and on the merits in effect that, in order to use its right of way, appellee proposed to fill certain openings in its right of way spanned by trestles, which would prevent the free and unobstructed passage of the water and probably wash away its tracks and cause great damage to adjacent property owners to whom appellant would be liable in damages, and further that the use of its dump or right of

way for the purpose sought would be wholly inconsistent with and repugnant to the uses and purposes of its construction. There was trial in the county court without the intervention of a jury, resulting in judgment condemning the dump and assessing the damages again at $250. From that judgment this appeal is perfected and revision thereof sought.

Conclusions of fact were upon request of appellant prepared and filed by the trial judge; and since no question arises in relation to the lawful creation of appellee for the purposes indicated, or the manner and method of enforcing the right conferred, or that appellant is a common carrier of freight and passengers, and is operating a line of railway through Kaufman county, we will not state the findings in that respect. The substance of the other essential facts found by the trial judge are, in our own language, as follows: Appellant's line of railway is partly within the lands sought to be improved and partly near the western edge thereof. Upon such right of way so running through or contiguous to the land sought to be reclaimed, there is, for the most part, a dump properly and conveniently located for a portion of the proposed levee. At different places in the dump and right of way so sought to be condemned by appellee are openings, spanned by trestles, left by appellant to afford a passage for overflow waters of the Trinity river. These openings appellee intends to and will fill in. Appellant's right of way was acquired and its dump constructed and is now used as part of its line of railway, but the use of the same by appellee in the manner indicated will not materially impair nor interfere with or be inconsistent with the use of the same for railway purposes, nor will such use be detrimental to the public. The damage to appellant by such appropriation of its dump and right of way is $250. We will discuss the issues as such without reference to the assignments.

[1] This brings us in order to the prefatory proposition by an appellant that all grants of the governing authority conferring the right of eminent domain are to be strictly pursued. The proposition is correct and universally conceded. Lewis, Eminent Domain, § 253. "But," says the same author in section 254, "as in other cases, such a construction will, if possible, be given to an act as will carry into effect the chief and manifest purpose for which it was passed, and such as will give effect to all its words." As stated in the beginning, however, it is not complained but that the authority conferred by the act was in the instant case strictly pursued, and the discussion in that respect is rather academic than otherwise.

[2] It is next asserted that property once dedicated to the public use cannot be appropriated to another and a different public use, in the absence of express legislative au-

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

thórity or authority from which such taking may be necessarily implied. In our opinion the proposition states the rule incorrectly. An accepted authority states the rule to be that:

"In the absence of some statutory provision expressly or by implication forbidding it, property devoted to one public use may, under general statutory authority, be taken for another public use, where the taking will not materially impair or interfere with or is not inconsistent with the use already existing and is not detrimental to the public. It is not material that some inconvenience may result to the prior occupant, if the conditions are such that the two uses can stand together. The rule that power must be conferred expressly or by necessary implication applies only where the second use will destroy or injure the use to which the land was originally appropriated." 15 Cyc. 616.

The act conferring the right of condemnation invoked by appellee in this proceeding does not expressly or by implication forbid the taking of property already dedicated to a public use. It rather expressly sanctions it. Article 5567, Vernon's Sayles' Texas Civil Statutes. The rule announced by Cyc. is the rule in this state and has with its variations been applied. Sabine & East Texas Ry. Co. v. Gulf & Interstate Ry. Co. of Texas, 92 Tex. 162, 46 S. W. 784; Ft. Worth & R. G. Ry. Co. v. Southwestern T. & T. Co., 96 Tex. 160, 71 S. W. 270, 60 L. R. A. 145. In the case last cited it is said:

"The rule of construction laid down * * * in the authorities generally is applied in cases where the second use to which the property is sought to be put will destroy or, at least, materially interfere with that to which such property has been previously devoted. When this is the situation, courts refuse to hold that the Legislature, by a mere general grant of the power to enter upon and condemn land, intended to authorize the destruction or material impairment of an already established public use, unless it appears that the power last conferred can be exercised in no other practical way. * * * But all authority concedes the power of the Legislature to authorize the taking of property which has already been condemned to public use."

The writer then adds that the pertinent inquiry is: Was such power conferred by the act invoked as authority? The article cited, supra, conferring upon appellee generally the right of eminent domain, provides that such power may be exercised for the purpose of acquiring the fee-simple title, easement, or right of way to and over and through any and all lands, waters, or lands under waters, private or public, except lands, etc., used for cemetery purposes, as well as to acquire the necessary right of way for all levees, etc., by gift, grant, purchase, or condemnation proceedings, and may by the same method acquire levees or other improvements already constructed. The designation of the property that may be acquired is clear and comprehensive, since it permits the appropriation of either private or public property, including private or public levees or other improvements already constructed. It is hardly necessary to say that lands, levees, or other improvements held privately refers to those belonging both to individuals and private corporations, since private corporations are but artificial persons. The kind and the extent of the property authorized to be condemned by the act would not have been enlarged by specifically classifying the individuals and corporation included within the term "private and public." The law itself automatically classifies who is included within the term "private or public." It being apparent, then, that appellant is included within the provisions of the act, it also appearing that the property sought to be condemned was at the time of trial already devoted to one public use, it becomes necessary, in order to condemn appellant's property under the general provisions of the statute, for the appellee to show that the use of the dump for a levee would not destroy or injure its use as an integral part of appellant's line of railway, and that its use by appellee would not materially impair or interfere with or be inconsistent with that use, and that such additional use would not be detrimental to the public. These are matters peculiarly of fact to be deduced from, and in this court supported by, competent evidence.

[3, 4] As we have said, the case was tried in the court below without the intervention of a jury, and the conclusions of fact filed by the trial judge, deduced from the evidence developed on trial, and not challenged by appellant, are in all respects sufficient to support the judgment; and, that being true, we are without authority to disturb the same.

It is further urged by appellant that the holding in S. & E. T. Ry. Co. v. G. & I. Ry. Co., supra, that "the first occupier of the ground is entitled to all the advantages derived from the establishment of the public use therein, and no question of convenience nor expense to the company seeking condemnation can be considered, unless it be such as to render the performance of the duty enjoined by law practically impossible by any other means which can be used by the constructing company," precludes appellee herein from appropriating its dump. In that respect, in addition to the facts already stated, the court below found, as a fact, that, if appellee did not use appellant's dump, it would cause appellee greatly increased expense, to wit, $3,900, without any compensating good to any person. We are unable to see that the reference, in the opinion from which we have quoted, to the matter of expense and convenience, is applicable to this proceeding. In that case there was an attempt by one corporation possessing the right of eminent domain to destroy property of another corporation already dedicated to the public use on the sole ground that it would be more convenient and less expensive to the corporation seeking so to destroy the use to which it was then dedicated in the transaction of its business. Thus it is quickly seen that no interest of the public

was involved, and the pertinency and correctness of the language used is obvious. In the same case, however, it is further said that:

"When such a conflict arises, * * * the private interest of the corporation cannot be regarded, but it is the duty * * * of the courts to keep in mind the interest of the public, which is superior to that of any private person."

So, in our opinion, it is here. The public is interested in the building of levees, since the result is to reclaim and increase the value of lands and increase the productiveness of the state, and consequent betterment of the inhabitants. The public being thus interested, the right of a private person or corporation to halt such improvements depends upon showing it will destroy a public use to which it is already put; and it occurs to us that that interest extends to and comprehends the cheapest, most utilitarian method by which the primary purpose of the act may be accomplished.

Finding no reversible error in the record, the judgment of the court below is affirmed.