## TEXAS & N. O. R. CO. v. CITY OF BEAUMONT.  (No. 1405.)

(Court of Civil Appeals of Texas. Beaumont. May 20, 1926. Rehearing Denied May 26, 1926.)

1. Eminent domain ⬤⟳172—County court of Jefferson county at law held to have jurisdiction to appoint commissioners in condemnation proceeding by city to open street across railroad right of way (Rev. St. 1925, art. 1970; Vernon's Ann. Civ. St. Supp. 1922, art. 1811—120).

County court of Jefferson county at law had jurisdiction, in view of Vernon's Ann. Civ. St. Supp. 1922, art. 1811—120, creating it, and Rev. St. 1925, art. 1970, to appoint commissioners of condemnation to act in condemnation proceeding by city against railroad if city was vested with power of eminent domain and could condemn property already devoted to a public use.

**2. Eminent domain ⚙═9.**

City of Beaumont is vested with power of eminent domain, and can, under the law, condemn property already devoted to a public use.

**3. Eminent domain ⚙═191(5)—Allegation in condemnation proceedings by city against railroad, when construed with declaration of city commission, held to show that city had been unable to agree with railroad on amount of damages that it might suffer by condemnation, and that railroad refused to consider any offer to agree upon such damages (Rev. St. 1911, art. 6506).**

Allegation in condemnation proceedings by city against railroad that parties "have failed to agree," etc., when construed with resolution passed by city commission, *held* sufficient under Rev. St. 1911, art. 6506, to show that city had been unable to agree with railroad upon amount of damages that it might suffer by condemnation and that railroad had expressly refused to consider any offer to agree upon such damages.

**4. Pleading ⚙═310.**

Mere exhibit to pleading will not be permitted to supply or take place of essential allegations in pleading itself.

**5. Pleading ⚙═310—Allegations in petition will be held sufficient as against general demurrer, if, when read in light of exhibit, they meet requirements of law.**

Exhibit to pleading may be considered in aid of merely defective allegations therein, and, when so considered, if allegations in petition, read in light of exhibit and aided by it, meet requirements of law, pleading will be held sufficient, especially as against a general demurrer.

**6. Eminent domain ⚙═293(1).**

Railroad cannot enjoin condemnation proceedings because city's petition failed to show that parties could not agree on damages, where petition for injunction shows any attempt to agree would have been futile.

**7. Eminent domain ⚙═172.**

County court at law of Jefferson county has exclusive jurisdiction, in the first instance, to hear and determine any objection that defendant might timely raise in connection with condemnation proceedings.

**8. Appeal and error ⚙═900.**

Reviewing court will presume that lower court will grant to litigant all rights and relief to which it might show itself entitled.

**9. Eminent domain ⚙═118.**

Property devoted to public use may be subjected to another public use which does not seriously impair first use.

**10. Eminent domain ⚙═47(5).**

City *held* not precluded from condemning right of way across railroad properties for purposes of street because property was already devoted to a public use.

**11. Eminent domain ⚙═198(2).**

Whether opening street over railroad right of way would seriously impair use for railroad purposes *held* question of fact.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by the Texas & New Orleans Railroad Company against the City of Beaumont. Judgment for defendant, and plaintiff appeals. Affirmed.

F. J. & C. T. Duff, of Beaumont, for appellant.

J. B. Morris, of Beaumont, for appellee.

HIGHTOWER, C. J. The appellant, Texas & New Orleans Railroad Company, prosecutes this appeal from an order of the honorable George C. O'Brien, judge of the Fifty-Eighth judicial district, declining and refusing to grant to appellant a temporary writ of injunction against the appellee, city of Beaumont, enjoining the city from the further prosecution of condemnation proceedings that the city had instituted for the purpose of condemning a certain portion of appellant's right of way and railroad properties in the city of Beaumont.

The following facts and proceedings give rise to this litigation:

On November 24, 1925, the city commission of the city of Beaumont passed a formal resolution declaring, in substance, that it was imperatively necessary that Park street in the city be opened across appellant's right of way and railroad properties and extended north across such properties so as to connect with Alamo street, which is north of appellant's right of way. The resolution contained this further declaration:

"Whereas the Texas & New Orleans Railroad Company has been requested to grant to the city a right of way over its properties and right of way at said place, and has refused to do so, and further refuses to agree upon damages to be caused by the opening of said street and highway at said place," etc.

On November 25, 1925, the city attorney of the city of Beaumont, in compliance with the above resolution, prepared and filed with Hon. C. N. Ellis, judge of the county court of Jefferson county at law, a written petition showing the passage by the city commission of the above-mentioned resolution, and declaring on behalf of the city that it was imperatively necessary that Park street be extended north across appellant's right of way and properties in the city so as to make connection with Alamo street, and prayed for the appointment of three disinterested freeholders, as commissioners, to assess the damages that appellant might sustain in consequence of the opening and extension of Park street. The petition of the city attorney further stated that the parties "have failed to agree" upon the compensation that should be awarded appellant. After this petition was presented to Judge Ellis, he

made an order appointing three disinterested freeholders of the county as commissioners to assess the damages that would be sustained by appellant in consequence of the condemnation of that portion of its right of way and properties that were sought by the city. The commissioners duly took the oath of office as required by law, and promptly and duly gave notice to appellant and to the city of Beaumont that the commissioners would proceed to hear the parties on December 10, 1025, and would then proceed to determine the amount that should be awarded appellant as damages for the condemnation of its right of way and properties that were sought by the city. By agreement of counsel for both parties, the hearing before the commissioners was postponed until December 17, 1925; but on December 16, 1925, the appellant presented to Hon. George C. O'Brien, judge of the Fifty-Eighth judicial district, its petition for writ of injunction, as above stated. The district judge granted a temporary restraining order, restraining further proceedings by the commissioners and the city of Beaumont in the condemnation of appellant's right of way and properties, and set the petition and prayer for temporary injunction down for hearing on December 28, 1925.

As grounds for the injunction, appellant alleged, in substance, that it was a railroad corporation, engaged in the transportation and carriage of passengers and freight for hire, both interstate and intrastate, and that it had owned the property sought to be condemned for more than 65 years, and that the property had all the time been and would of necessity continue to be used by appellant for railroad purposes in the discharge of its duty as a railroad company to the public; that, if the city of Beaumont were to be permitted to condemn its right of way and properties, it would not only materially and seriously impair and interfere with appellant's use of the same as a railroad company, but that, in fact, the use of its right of way and properties sought to be condemned for street and highway purposes would be actually destroyed; that, if the city of Beaumont should be permitted to condemn appellant's right of way and properties, appellant would thereby sustain damages in excess of $1,000,000 annually in the way of increased expense of operation; that the city of Beaumont was wholly unable to respond in damages or to pay to appellant adequate compensation for the condemnation of its railroad properties; that, if the city of Beaumont should be permitted to open Park street and extend it across appellant's right of way and properties, the same would cross, not only appellant's main line and right of way in the city, but that it would also cross a large number of side tracks, spur tracks, switch tracks, team tracks, and would disrupt its railroad

yard generally, and that it would necessitate the destruction of appellant's large and costly freight depot and warehouse, which would have to be established at great expense elsewhere, and that it would necessitate the abandonment by appellant of its passenger depot in the city, and would constantly subject appellant to great inconvenience, confusion, and damage suits, for which it could not be adequately compensated, and for which the city of Beaumont did not intend to compensate appellant, and that therefore appellant had no adequate legal remedy for the damages that it would sustain if the city were permitted to proceed with the condemnation; that, if the commissioners who had been appointed to assess appellant's damages were permitted to proceed to do so, they would file their report in the county court of Jefferson county at law, allowing appellant wholly inadequate damages, and that, after filing such report, the city would proceed to make the deposit of such inadequate amount of money awarded appellant, and would then take immediate possession of appellant's right of way and railroad properties, and would proceed to tear down its freight depot and warehouse and to tear up its tracks over which Park street would be extended, and that appellant would have no legal remedy for its protection against such unlawful action and damages.

In another paragraph of the petition for injunction, appellant alleged, in substance, that the city of Beaumont had made no effort to agree with it upon the amount of damages that should be awarded to appellant before the appointment of the commissioners.

On the day set by the district judge for the hearing of the prayer for temporary injunction, the city, through its attorney, appeared before the judge and presented the city's answer to appellant's petition for the writ, the answer containing a plea to the jurisdiction of the district court or judge thereof to grant the injunction, alleging and showing that the condemnation proceeding was a matter of which the commissioners and the county court of Jefferson county at law had exclusive jurisdiction, and that therefore the district court or the judge thereof was without any jurisdiction in the matter, and should not grant to appellant the injunction prayed for. The city also interposed by its answer a general demurrer.

Further answering the petition for injunction, the city specially denied under oath the allegations in appellant's petition for the writ, and specially alleged that the condemnation of appellant's right of way and properties, as sought, would not materially or seriously interfere with or impair the use of same for railroad purposes, but that, on the contrary, the opening of Park street across such property would enhance its value and

render it more convenient to appellant and the public generally.

The city then further specially answered that it was imperatively necessary that Park street be opened across appellant's railroad properties for use by the public as a street and highway, setting out in detail the facts showing such necessity, and further alleged that the commissioners appointed to assess appellant's damages, if any, would be fair and just to appellant, and that it would be awarded reasonable and adequate compensation for all damages that it might sustain in consequence of the condemnation.

Upon hearing of the petition for injunction, the district judge entered his order sustaining the plea interposed by the city to his jurisdiction, and also sustained the general demurrer filed by the city, and thereupon dismissed appellant's petition, denying in toto the injunctive relief sought, and it is from that order that appellant has prosecuted this appeal.

[1-2] Appellant presents in its brief four assignments of error with related propositions under each, by which it challenges the order and action of the district judge in denying to it the injunctive relief prayed for. Under one of these assignments, counsel for appellant contend that the judge of the county court of Jefferson county at law had no authority to appoint the commissioners of condemnation, because, as counsel for appellant contend, that authority could only be exercised, if at all, by the county judge of Jefferson county, and not by the judge of the county court of Jefferson county at law.

By reference to the act of the Legislature (Vernon's Ann. Civ. St. Supp. 1922, art. 1811—120), creating the county court of Jefferson county at law, we find this provision:

"The jurisdiction of the county court of Jefferson county at law, and the judge thereof, shall extend to all matters of eminent domain over which jurisdiction was heretofore vested in the county court or in the county judge."

By article 1970, Revised Civil Statutes 1925, which has reference to all county courts at law, it is provided:

"All county courts at law and all similar courts by whatever name known, which now exist, shall be continued in force, together with their organization, jurisdiction, duties, powers, procedure and emoluments that now exist by law, until otherwise changed by law."

We think that it is at once clear from these statutory provisions that the county court of Jefferson county at law had the authority and jurisdiction to appoint the commissioners to act in this condemnation proceeding if the city is vested with the power of eminent domain and has the right, under the law, to condemn property already devoted to a public use. That the city has such power and authority we have no doubt. As to whether or not the city can condemn the particular property, as it contemplates doing in this cause, is another question.

We next proceed to dispose of appellant's assignment, which raises the point that the judge of the county court of Jefferson county at law was without jurisdiction to appoint the commissioners in this condemnation proceeding, because, as counsel for appellant contend, the petition filed by the city with Judge Ellis failed to allege or show that the city of Beaumont and appellant "cannot agree" upon the damages that appellant would sustain, as provided by Revised Statutes 1911, art. 6506. This article reads as follows:

"If such company and said owner cannot agree upon the damages, it shall be the duty of said company to state in writing the real estate and property sought to be condemned," etc.

The city's petition asking for the appointment of commissioners contained this allegation:

"That the plaintiff and defendant have not agreed upon the amount of damages to said right of way and the properties of the defendant that would be caused by reason of the opening of said public highway across said properties and right of way."

It is the contention of appellant in this connection that the statement or allegation in the petition upon which the commissioners were appointed, which showed only that the parties "have not agreed," is not equivalent to a statement that the parties "cannot agree" upon the amount of damages that might be sustained by the condemnation, and that such statement in the petition was not even a substantial compliance with the statute requiring that the petition for the appointment of the commissioners must show that the owner of the property sought to be condemned and the party seeking the condemnation "cannot agree" upon the damages, etc. Counsel for appellant argue in this connection that the proceeding to condemn an owner's land for public use is special in its character, and that its validity must depend upon a strict compliance with the law authorizing such proceeding; that nothing should be presumed in favor of the power of the tribunal invoked, and that it is incumbent upon the party seeking the condemnation to let the petition therefor show a strict compliance with the statutory law governing such proceeding; that, since the city's petition in this cause did not show that the parties "cannot agree," etc., it was insufficient to confer jurisdiction upon Judge Ellis to appoint the commissioners, and that their appointment was absolutely void.

[3-5] We have already shown that the resolution passed by the city commission ex-

pressly stated that the city had been unable to agree with appellant upon the amount of damages, etc., and, further, that the appellant had expressly refused to consider any offer to agree upon such damages. Now, if the contention of counsel for appellant, to the effect that the allegation in the petition as to the parties not having agreed on damages, etc., was not a substantial compliance with the law, standing alone and without aid from any proper exhibit to the petition, still we have concluded that the language in the resolution passed by the city commission, as we have quoted it, showing inability of the parties to agree on the amount of damages, ought to be read and considered in aid of the petition, as it was attached to the petition as an exhibit and asked to be considered as a part thereof; and we think that the petition, so aided by the resolution, was clearly sufficient to show that appellant and the city of Beaumont could not agree upon the damages that might be occasioned by the condemnation. We are not unmindful that it is the rule in this state that a mere exhibit to a pleading will not be permitted to supply or take the place of essential allegations in the pleading itself, but it is also the rule that an exhibit to the pleading may be considered in aid of merely defective allegations in the pleading, and, when so considered, if the allegations in the petition, read in the light of the exhibit and aided by it, meet the requirements of the law, the pleading will be held sufficient, and especially so as against a general demurrer. We think that this rule should be applied here, and that the allegation in the petition filed by the city attorney, that the parties "have failed to agree," etc., when read in the light of and aided by the declaration contained in the resolution, the petition was sufficient to show, and the only reasonable intendment that could be given it was that the city of Beaumont had been unable to agree with appellant upon the amount of damages that it might suffer by the condemnation, and that appellant had expressly refused to consider any offer to agree upon such damages.

[6] But there is another reason why appellant's contention on this point must be overruled, we think, and that is because it unmistakably appears from appellant's petition for the writ of injunction that any attempt made by the city to agree with appellant on the damages that would be occasioned by the condemnation would have been wholly futile. This being so, appellant is not in a position to urge this point. Ellis v. Railway Co. (Tex. Civ. App.) 203 S. W. 174; City of Dallas v. Atkins, 110 Tex. 627, 223 S. W. 170. On this point, the rule stated by Corpus Juris is:

"If it is apparent that an effort to agree would be unavailing and an offer useless, none need be made." Volume 20, p. 896.

Now as we have shown above, it was appellant's contention, when it applied for the writ of injunction, that its right of way and railroad properties sought to be condemned were not subject to condemnation, but that of necessity appellant must continue to use these properties for railroad purposes, and that the city of Beaumont was not only unwilling to adequately compensate appellant for damages that would be sustained, but that the city was wholly unable to do so, and that, if appellant's right of way and properties were condemned as proposed, its damage and loss would be irreparable. In other words, it is manifest from appellant's petition for the writ that there could never be an agreement between it and the city for the condemnation of these railroad properties.

·It will be remembered also that appellant did not allege in its petition in this case that it was willing and ready to try to agree with the city upon the damages that would be sustained by the condemnation, but the allegation was that the city had not offered to agree with appellant upon such damages.

[7] We are also of the opinion that, if the petition for the appointment of commissioners was defective as claimed, it was open to appellant to present its objection thereto in the county court at law, if dissatisfied with the report and award of the commissioners, and under the authorities of this state, as we read them, that court is vested with the authority to hear and determine any objection that appellant might timely raise in connection with the condemnation proceeding, and that court is the only tribunal constituted by law with the authority to determine such questions in the first instance. G., C. & S. F. Railway Co. v. Fort Worth & R. G. Railway Co., 86 Tex. 537, 26 S. W. 54; Ellis v. Railway Co., supra, and authorities there cited; Davidson v. T. & N. O. Railroad Co., 29 Tex. Civ. App. 54, 67 S. W. 1096, and authorities there cited; Sabine & East Texas Railway Co. v. Gulf & Interstate Railway Co., 92 Tex. 162, 46 S. W. 784.

[8] We are of the opinion that the county court of Jefferson county at law has full authority and jurisdiction to grant to appellant, when requested, by means of the writ of injunction, all relief and protection that appellant would be entitled to, as long as the condemnation proceedings are pending in that court, and, under the authorities of this state, above cited, it is presumed that that court would grant to appellant all the rights and relief to which it might show itself entitled.

[9, 10] Another, and perhaps most important, contention made by appellant is that its railroad properties here sought to be condemned are not subject to the condemnation because already devoted to a public use. The proposition is too broad. We understand the authorities of this state to hold that, although

property may be devoted to a public use, it may be, under the power of eminent domain, subjected to another public use, if the other use would not seriously or materially impair or interfere with the first use, or would not practically destroy the first use. S. & E. T. Railway Co. v. G. & I. Railway Co., 92 Tex. 162, 46 S. W. 784; Lumber Co. v. Railway Co., 104 Tex. 11, 133 S. W. 247, 36 L. R. A. (N. S.) 662, Ann. Cas. 1913E, 870; Fry v. Jackson (Tex. Civ. App.) 264 S. W. 612; Texas Midland Railroad Co. v. Kaufman County (Tex. Civ. App.) 175 S. W. 482. Cyc. states the rule on this point as follows:

"In the absence of some statutory provision expressly or by implication forbidding it, property devoted to one public use may, under general statutory authority, be taken for another public use, where the taking will not materially impair or interfere with or is not inconsistent with the use already existing and is not detrimental to the public. It is not material that some inconvenience may result to the prior occupant, if the conditions are such that the two uses can stand together. The rule that power must be conferred expressly or by necessary implication applies only where the second use will destroy or injure the use to which the land was originally appropriated." Cyc. vol. 15, p. 616.

See, also, Fort Worth & R. G. Railway Co. v. Southwestern Telegraph & Telephone Co., 96 Tex. 160, 71 S. W. 270, 60 L. R. A. 145.

[11] Whether or not the opening up of Park street as contemplated by the city over appellant's right of way and properties would practically destroy or seriously impair or interfere with the use of it by appellant for railroad purposes is a question of fact, and the county court of Jefferson county at law is the only tribunal vested by law with the authority to determine that question in the first instance. Of course, appellant would have the right of appeal from that court's decision, if it should be adverse to appellant, but no district court has authority to determine the question of fact as to whether the use by the city for street purposes of appellant's right of way, as sought, would destroy or seriously impair its use for railroad purposes.

What we have said has the effect to dispose of all contentions made by appellant in this court, and it follows that the district court's judgment should be affirmed, which has been so ordered.