## EZELL v. TEXAS EMPLOYERS' INS. ASS'N. (No. 7953.)

Court of Civil Appeals of Texas. San Antonio. March 14, 1928.

Rehearing Denied April 25, 1928.

1. **Master and servant** ⟨⟩416½—**In suit to mature compensation award, court held without jurisdiction to enter agreed judgment setting aside award and allowing recovery against insurer in less amount (Rev. St. 1925, art. 8306, and art. 8307, §§ 5, 5a).**

In suit by injured workman to set aside judgment setting aside award and to mature award under Rev. St. 1925, art. 8307, § 5a, after award had become final under section 5, and insurer refused to make weekly payments, court *held* without jurisdiction to enter agreed judgment setting aside award and allowing recovery against insurer in less amount, since jurisdiction under section 5a is restricted to trial of right to mature and enforce awards, and excludes power to set them aside or revise them, in view of articles 8306 and 8307.

2. **Master and servant** ⟨⟩416—**Accident board is quasi judicial body, whose decisions become final on parties, in absence of appeal in statutory manner (Rev. St. 1925, art. 8307, § 5).**

State Industrial Accident Board is quasi judicial body, and its decisions or awards have quality and dignity, but not self-executing force of judgment of court, so that its decision becomes final and binding on parties, unless operation is intercepted by appeal to courts in mode prescribed by Rev. St. 1925, art. 8307, § 5.

3. **Master and servant** ⟨⟩419—**Decision of Accident Board is subject to review by board on showing of changed conditions, fraud, or mistake any time during compensation period.**

In absence of appeal, decision of Industrial Accident Board takes status of final judgment of court from which no appeal has been taken, subject to review by board on showing of changed conditions or fraud or mistake, which right of review is available to parties during entire compensation period.

---

On Motion for Rehearing.

**4. Judgment ⬅➡413—Judgment rendered by court without jurisdiction may be set aside on direct attack by suit instituted for such purpose.**

Where court was without jurisdiction to render judgment, such judgment is void, and may be set aside by direct attack in suit instituted for that purpose.

**5. Estoppel ⬅➡91(1)—Compensation claimant, acquiescing in judgment setting aside award, held not estopped to institute suit to set aside such judgment.**

Compensation claimant *held* not estopped to institute suit to set aside judgment which set aside compensation award, on ground that court had no jurisdiction to enter such judgment, notwithstanding that claimant had acquiesced therein and received money in satisfaction thereof, where equities of parties could be adjusted in final disposition of suit.

Appeal from District Court, Aransas County; T. M. Cox, Judge.

Suit by R. A. Ezell, Jr., against the Texas Employers' Insurance Association to set aside a judgment rendered in a former suit. From judgment denying recovery, plaintiff appeals. Reversed and remanded.

Gordon Gibson, of Laredo, for appellant.
Eskridge & Williams, of San Antonio, for appellee.

SMITH, J. R. A. Ezell, Jr., was an employee of Heldenfels Bros. who were operating an industry in the town of Rockport, in Aransas county. The industrial concern was a "subscriber" under the Texas Workmen's Compensation Law (Rev. St. 1925, arts. 8306–8309), and, as such, was insured by the Texas Employers' Insurance Association. Ezell, the employee, was covered by this insurance, and was injured in the course of that employment on April 7, 1926. In due season he filed a claim for compensation with the State Industrial Accident Board, which awarded him compensation in the form of weekly payments at the rate of $17.31 per week for not to exceed 401 weeks, beginning April 15, 1926. The insurance association, against whom the award was made, made no timely complaint thereat, and the award became final and binding upon the association, as provided in section 5, art. 8307, R. S. 1925.

The insurance association failed and refused to make the accruing weekly payments decreed in the award, whereupon Ezell filed suit in the district court of Aransas county to mature the award, aggregating $6,943.32, and for judgment enforcing the same, as provided in section 5a, art. 8307. That suit was instituted in vacation, on August 19, 1926, and on the same day the insurance association appeared and filed answer, consisting of general demurrer and general denial. Less

than a week later, on August 25, an agreed judgment was entered in that suit, as follows:

"Be it remembered that on this day, the 25th day of August, A. D. 1926, in vacation, and upon agreement of counsel, came on to be heard the above numbered and entitled cause, and no jury having been demanded, and both parties having appeared by counsel and announced ready for trial, and in open court represented to the court that all matters in controversy herein had been settled by agreement, which was substantially as follows:

"That the final award of the Industrial Accident Board of the state of Texas made and entered on July 13th, A. D. 1926, in cause L–12872, entitled Robert A. Ezell, Jr., Employee, v. Heldenfels Bros., Employers, and Texas Employers' Insurance Association, as Insurers, should be set aside, and that judgment should be entered in this suit in favor of the plaintiff, Robert A. Ezell, Jr., against the defendant Texas Employers' Insurance Association, for the sum of $3,000, and costs of this court, which said agreement is in all things ratified and approved by this court.

"Wherefore, in consideration of the premises, it is hereby ordered, adjudged, and decreed that in cause L–12872, entitled Robert A. Ezell, Jr., Employee, v. Heldenfels Bros., Employers, and Texas Employers' Insurance Association, Insurers, pending before the Industrial Accident Board of the state of Texas, and in which an award of said board was duly entered as of date July 13, A. D. 1926, in favor of Robert A. Ezell, Jr., for compensation, the same be, and the same is hereby, set aside and held for naught, and of no further force or effect.

"It is further ordered, adjudged, and decreed that the plaintiff, Robert A. Ezell, Jr., do have and recover of and from the Texas Employers' Insurance Association the sum of $3,000 in full satisfaction of all claims and causes of action against the Texas Employers' Association or Heldenfels Bros. by reason of certain personal injuries received by the said plaintiff, Robert A. Ezell, Jr., while in the course of his employment for Heldenfels Bros., at Rockport, Tex., on or about the 6th day of April, A. D. 1926, said sum of $3,000 having been paid by the Texas Employers' Insurance Association in full satisfaction of all claims for compensation, damages, liabilities, interest, penalties, and attorney's fees.

"Said sum of $3,000 having already been paid the plaintiff, Robert A. Ezell, Jr., no execution will issue, and this judgment is declared paid and satisfied.

"The defendant, Texas Employers' Insurance Association, is to pay the court costs, for which the officers of this court may have their execution."

Nine months later Ezell instituted the present suit, in the same court, to set aside the judgment rendered in the former suit, contending that said judgment was void. From a judgment denying recovery to him, Ezell has appealed.

[1] The controlling contention of appellant is that the judgment in the original suit was void because the court which rendered that judgment was without jurisdiction for that

purpose. It is contended that the whole scheme of compensating employees embraced within the provisions of the Workmen's Compensation Law is comprehended in that act, and that the provisions of the act exclude all other remedies of the parties than those specifically prescribed therein. The contention may be narrowed to the claim that the courts of the state have no jurisdiction over claims arising under the act, except appellate jurisdiction over awards made or refused by the Accident Board, as provided in section 5, art. 8307, and original jurisdiction of suits to mature and enforce awards made by the board, as provided in section 5a; that the jurisdiction created in section 5a is restricted to a trial of the right to mature and enforce awards, and excludes the power to set aside or revise that award. We are constrained to sustain these contentions.

Pertinent provisions of the Compensation Law may be stated as follows: Article 8306 of the act provides a comprehensive scheme for awarding damages and compensation for personal injuries sustained by employees of subscribers in the course of such employment. Every conceivable character of injury is comprehended in that article, and the compensation allowable for such injuries is scheduled in minute and complete detail, both as to amounts and terms of payment. These provisions are arbitrarily applied to every employee embraced within the meaning of the act, by the terms of which such employee is cut off from his common-law right to damages or compensation for his injuries. Exclusive original jurisdiction is given the Industrial Accident Board over claims of employees for compensation arising under the act in question.

Article 8307 provides a complete mode of procedure for the administration of the plan of compensation, through the Industrial Accident Board. It provides that, in case of accidental injury or death, the employee, or his beneficiaries in case of his death, shall give notice of the injury to the board, which shall thereupon hear evidence and determine the question of liability, and, if there be liability, it shall determine the amount of compensation allowable and the terms of payment thereof, and decree an appropriate award therefor.

[2] The board is a quasi judicial body, and its decisions, or awards, have the quality and dignity, but not the self-executing force, of a judgment of a court. When it hears and determines a claim for compensation, its decision or award becomes final and binding upon the parties, unless its operation is intercepted by appeal to the courts in the mode prescribed by the act. In section 5, art. 8307, it is provided that, if either party is dissatisfied with the decision of the board, he shall give notice thereof to the board within 20 days, and upon such notice shall, within the next 20 days,

file suit in any court of competent jurisdiction to set aside that decision. In such suit the whole controversy shall be tried de novo, and the rights and liabilities of the parties shall be determined "by the provisions of the act." If neither party gives the notices and institutes the suit within the specified periods, "then said final ruling and decision" of the board "shall be binding upon all the parties thereto," and if against the insurer it "shall at once comply with such ruling or decision." There is no other express provision in the act by which the courts may acquire jurisdiction or take cognizance of the claim for compensation, or of the decision of the board. In this case neither party gave, or attempted to give, the required notices, nor filed suit under said provision, at any time. Because of this default, then, the award of the board became final and binding alike upon both parties, and the insurer became liable to pay the employee the compensation prescribed in that award. Nothing remained to be done but to enforce and give effect to the award, and that power was given the courts in section 5a of article 8307, now to be noticed.

That section embraces two subdivisions, in which apparently two remedies are provided for the enforcement of the award, although the distinction between those remedies is somewhat obscure. It is probable that the first subdivision was intended to cover only cases in which the board has awarded compensation in a lump sum, but we are not concerned with that question, and do not decide it, since the procedure prescribed in the second subdivision clearly relates specifically to cases in which the board has awarded compensation to be paid in weekly sums, as was done here. And it is there provided that in such cases, if the insurer fails or refuses, "without justifiable cause," to continue to make the weekly payments "promptly as they mature," then the employee "shall have the right to mature the entire claim and to institute suit thereon to collect the full amount thereof," together with a prescribed penalty and reasonable attorney's fees. There is no express provision in this section, or elsewhere in the act, that in such suit the court trying it may review, set aside, or revise the award of the board, or otherwise take cognizance of the original controversy between the parties, and, under familiar rules of construction, no such power or jurisdiction may be implied; the procedure being purely statutory in its nature.

The Workmen's Compensation Law is a complete structure within itself, housing all the machinery necessary to the administration of that act. To the Industrial Accident Board is delegated the original power and duty of operating that machinery. "All questions arising under this law, if not settled by agreement of the parties * * * *and with-*

*in the provisions of this law*, shall, except as otherwise provided, be determined by the board." Section 5, art. 8307. "It is the purpose of this law that the compensation herein provided for shall be paid from week to week and as it accrues and directly to the person entitled thereto, unless the liability is redeemed as in such cases provided elsewhere herein" (section 18, art. 8306), to wit, in section 15; that is, in cases of death or total permanent incapacity from injury, in which cases the parties may agree upon a lump sum settlement, but not then until the board approves the settlement; and in section 15a, in cases where the board may enlarge the weekly payments by decreasing the number of them. The employee himself cannot waive his right to compensation, and his agreements to do so shall be invalid. Section 14. If it occurs that conditions have changed or mistake or fraud taints the award, the board, upon its own motion or that of either party, may review any award at any time during the compensation period, and end, diminish, or increase the award previously made, within the maximum or minimum provided by the act, or change or revoke its previous order or award. Section 12d, art. 8306.

[3] The whole letter and spirit of the act is to delegate its administration exclusively to the board, except where otherwise specifically provided; to deprive the parties of any power, by agreement among themselves without the approval of the board, to settle or compromise claims for compensation, and to relieve and deprive the courts of jurisdiction over those claims, except in the events and for the purposes specifically and clearly prescribed in sections 5 and 5a, art. 8307. The parties in this case submitted the cause to the board in the first instance, as provided by law, and the board made its award by due process. Under section 5 either party had the right of appeal from this decision to the courts, which in such case had the power to adjudicate the entire controversy within the provisions of the act. But neither party availed himself of this right, whereupon, for the purpose of finality, the decision of the board took the status of a final judgment of a court from which no appeal has been taken, subject to review only by the board upon a showing of changed conditions, or fraud or mistake, which right of review was available to the parties during the entire seven and a half years of the compensation period. The parties did not avail themselves of this final right of review. On the contrary, the insurer cut itself off from this right by refusing to obey the award, thereby provoking the suit of the employee to mature and enforce the award, as provided in section 5a. If the insurer had "justifiable cause" for its default, it could defeat that suit, thus restoring the parties to the status quo as before the filing of the suit. If the insurer was "without jus-

tifiable cause" for its default, then the court trying that single issue triable in such suit had no power to render any judgment except to mature the award, add thereto the prescribed penalty and attorney's fee, and decree enforcement. Vestal v. Texas Employers' Ins. Ass'n (Tex. Com. App.) 285 S. W. 1041; Employers' Indemnity Corp. v. Woods (Tex. Com. App.) 243 S. W. 1085.

It follows that the judgment rendered in the former suit, in which the award made by the board was set aside and an unauthorized compromise agreement of the parties was approved and made the basis of recovery, and the rights and liabilities of the parties under the original claim were sought to be adjudicated, is void and of no effect.

Accordingly, the judgment of the court below in the present suit, refusing to set aside the former judgment, must be reversed, and the cause remanded for further proceedings not inconsistent with this decision.

Reversed and remanded.

### On Motion for Rehearing.

We are not unmindful of the general rule that, where a court of general jurisdiction has exercised its powers, it will be presumed that it had jurisdiction both of the subject-matter of the action and of the parties, as well as to render the judgment actually rendered, unless the contrary appears of record. But here the general jurisdictional power of the court was not invoked, but only that special jurisdiction conferred by section 5a of article 8307. It is our view that no presumptive jurisdiction obtained in that case; that the jurisdiction was limited to the exercise of the specific power granted in that special statute, and the court's jurisdiction was restricted to the particular subject-matter delegated in section 5a, to wit, the matter of the maturing and enforcement of the award made by the tribunal created by the statute for that purpose. It is said in 15 C. J. pp. 831, 832, that:

"It is very generally considered that there is no presumption of jurisdiction where a court, although it is one of general jurisdiction, exercises special statutory powers in a special statutory manner, or otherwise than according to the course of the common law, since, under such circumstances, the court stands, with respect to the special power exercised, on the same footing with courts of limited and inferior jurisdiction."

[4, 5] If the court was without jurisdiction to render the judgment now in question, that judgment is void, and may be set aside by direct attack, as is sought to be done in this action. Now, appellee urges that appellant is estopped to question that judgment, since the latter acquiesced therein, and received and accepted the sum of $3,000 in satisfaction thereof. We take it, however, that the equities of the parties growing out of that transaction can be adjusted in the final disposi-

tion of the suit, according to the justice of the case.

Appellee's motion for rehearing is overruled.