## TEXAS EMPLOYERS' INS. ASS'N v. NEAL.
(No. 503.)

Court of Civil Appeals of Texas. Eastland.
Nov. 16, 1928.

Rehearing Denied Dec. 14, 1928.

Leachman & Gardere, of Dallas, for appellant.

Scarborough & Wilson, of Abilene, and B. L. Russell, of Baird, for appellee.

HICKMAN, C. J. The appeal is from a judgment in favor of appellee against appellant in a suit filed in the district court of Callahan county, appellee's residence, to mature an award by the Industrial Accident Board under the provisions of section 5a, art. 8307, R. S. 1925. Appellee alleged in his petition that he was injured in Pecos county, Tex., while in the employment of Mid-Kansas Oil & Gas Company, which company was a subscriber to the Employers' Liability Act and carried a compensation policy with appellant; that on December 21, 1927, the Industrial Accident Board entered a final order, ruling, and decision, allowing him compensation for his injuries. This order was pleaded by appellee in hæc verba. The award of the Industrial Accident Board so pleaded by appellee recited on its face that same was made for an injury sustained by appellee in Reeves county, Tex. Appellee further pleaded that the appellant gave notice that it would not abide by the decision of the board on January 3, 1928, and that, although more than 20 days had elapsed from the time said notice was given, no appeal had been made by the filing of a suit in the county where the injury occurred. Further allegations are that the decision of the Industrial Accident Board had become final and binding and appellant had failed and refused to abide by or comply with said award and had failed to bring suit to set same aside. Appellee sought to have said award matured and to recover the statutory 12 per cent. penalty, together with attorneys' fees in the amount of $750. Among other defenses pleaded by appellee was one, in effect, that it had filed suit within the statutory time in the district court of Reeves county, Tex., which suit was still pending; that it had no knowledge as to where the injury, if any, to appellee occurred, but that appellee had represented to it and to the Industrial Accident Board that said injury occurred in Reeves county, Tex.; that the award rendered by said board recited that said injury occurred in Reeves county, Tex., for which reason suit was filed in said county. The case was tried before the court without a jury, and judgment was rendered in favor of appellee, but denying the penalty and attorneys' fees prayed for, from which judgment this appeal is prosecuted.

The pertinent provisions of section 5a, art. 8307, R. S. 1925, upon which this suit was predicated, are as follows: "Where the Board has made an award against an association requiring the payment to an injured employee or his beneficiaries of any weekly or monthly payments, under the terms of this law, and such association should thereafter fail or refuse, without justifiable cause, to continue to make said payments promptly as they mature, then the said injured employee or his beneficiaries, in case of his death, shall have the right to mature the entire claim and to institute suit thereon to collect the full amount thereof, together with twelve per cent. penalties and attorney's fees, as herein provided for. Suit may be brought under the provisions of this section, either in the county where the accident occurred, or in any county where the claimants reside, or where one or more of such claimants may have his place of residence at the time of the institution of the suit."

The intention of the Legislature in enacting this article is evident. The Industrial Accident Board, not being a court, lacks power to enforce its awards, and this article was placed in the statutes to enable one in whose favor an award had been made, and from which no appeal had been prosecuted, to enforce same through courts, where enforcement writs are available. Vestal v. Tex-

as Employers' Ins. Ass'n (Tex. Com. App.) 285 S. W. 1041.

The proceeding under this article is collateral to the award, and in such proceeding no attack can be made upon the award except to show that same was void for want of jurisdiction. Keller v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 279 S. W. 1113; Vestal v. Texas Employers' Ins. Ass'n, supra.

Let us examine appellee's suit in the light of these conclusions. The undisputed evidence discloses that appellant has filed suit in Reeves county, Tex., where same is now pending, to set aside the award of the Industrial Accident Board. The only claim for compensation contained in the record states that the injury was sustained in Reeves county. As noted, the award stated on its face that it was for an accident which occurred in Reeves county. Appellee did not seek to mature an award for an injury occurring in Reeves county. He had not the right so to do, because an appeal had been prosecuted from said award; but he sought to mature an award based upon an injury occurring in Pecos county, and, in order to do so, was compelled to allege and prove that the award was intended to cover an injury in Pecos county and not an injury occurring in Reeves county. In other words, the basis of appellee's right to mature the award was a collateral attack upon the award itself, and, in order for the district court of Callahan county to mature such award, it had to determine from evidence that a recital in the award was not true; that the injury upon which the award was made occurred in Pecos county; and that the district court of Reeves county was without jurisdiction to hear and determine a case then pending in said court.

In our opinion the court erred in admitting and considering evidence contradicting the award, and in determining that the district court of Reeves county had no jurisdiction to hear a case then pending therein. The question of what injury was before the board will be necessarily determined in the suit in Reeves county, which is a direct attack upon the award. Confusion would result from having separate, and perhaps conflicting, determinations of that question.

In view of the fact that the question of whether, under all the facts in this case and in the light of appellee's claim for compensation, the jurisdiction of the district court of Reeves county attached must be decided in the suit now pending there, we think it would not be proper for us to discuss or express an opinion upon the many questions presented in the briefs of the parties hereto concerning the validity of the appeal to that court.

The judgment of the trial court will be reversed, and the cause remanded.

### On Rehearing.

Appellee's motion for rehearing assigns two errors:

"First: The court erred in holding that the proceeding in this case, instituted in Callahan County, was a collateral attack upon the award of the Industrial Accident Board.

"Second: The law does not require the Industrial Accident Board to adjudicate the location of the accident upon which the award is made."

Of course, a proceeding to mature an award does not attack, collaterally or otherwise, the award itself. But if, as in this case, the very right of a party to a judgment maturing an award rests upon a contradiction of a recital therein, then, in so far as the suit undertakes to contradict such recital, the attack is collateral and the court is without jurisdiction to hear it. As stated in the opinion by Judge Speer in Vestal v. Texas Employers' Insurance Association (Tex. Com. App.) 285 S. W. 1041, cited in our original opinion: "There is nothing in this article to suggest, much less to declare, that the trial upon a suit thus instituted shall be de novo, or that any question whatsoever that would tend to vary or destroy the award of the board should be considered or determined."

In the case of Ezell v. Texas Employers' Insurance Association (Tex. Civ. App.) 5 S. W.(2d) 594, it was held that, in a suit to mature an award, an agreed judgment in an amount less than the award was void because of the want of jurisdiction in the district court to render same. In that opinion the following language was employed: "There is no express provision in this section, or elsewhere in the act, that in such suit the court trying it may review, set aside, or revise the award of the board, or *otherwise take cognizance of the original controversy between the parties*, and, under familiar rules of construction, no such power or jurisdiction may be implied; the procedure being purely statutory in its nature." (Italics supplied.)

It is insisted by appellee that: "The question this court has decided is that the effect of the award of the Industrial Accident Board was to adjudicate the location of the place where the accident occurred. An examination of this statute from Alpha to Omega does not give the Industrial Accident Board the authority nor does it make it material to determine where the accident occurred. The only question that the Industrial Accident Board has the authority to determine is, was the party injured, the extent of the injury, and the amount of his compensation. The question of where the accident occurred does not come within the province of this Board at all. Therefore it is apparent on the face of it, as we understand the rule, that the recitation in the award that the accident occurred in Reeves County had no more binding effect than it would have had to recite that the appellee was black headed, when in fact he was red headed. It is simply a statement made by the Industrial Accident Board

in its award which has no binding force and effect upon anybody."

This procedure is analogous to a suit upon a judgment of a court of competent jurisdiction. In such a suit neither party may impeach any recital in the judgment. 21 C. J. 1063. To modify that rule so as to permit one in such a proceeding to impeach a recital deemed to be immaterial, would, in our opinion, be useless. If the recital sought to be attacked is immaterial, there would be no occasion to attack it. The bare fact that a right of recovery rests primarily upon a successful attack of a recital makes such recital material. In the instant case, appellee's judgment rests not alone upon the award which it matured, but also upon evidence impeaching a recital in that award. If the recital were such that the award could be matured without reference thereto, it would be immaterial in this proceeding; but the fact that the recital is of such nature as to defeat appellee's suit unless disproved renders it very material.

We believe the trial court was without jurisdiction to go behind the award in any particular or to hear or consider any evidence on the question of where the injury occurred, and the motion for rehearing will accordingly be overruled.