### BRADFORD v. TEXAS ELECTRIC SERVICE CO. (No. 563.)

Court of Civil Appeals of Texas. Eastland. April 12, 1929.

Rehearing Denied May 10, 1929.

Hamner & Ponder, of Sweetwater, for appellant.

Douthit, Mays & Perkins, of Sweetwater, for appellee.

HICKMAN, C. J. This suit was filed by appellant against appellee in the district court for damages for constructing an electric transmission line through his lands; for illegally suing out a writ of injunction restraining appellant from interfering with it in the erection of said line; for trespass over and on appellant's lands; alleging that condemnation proceedings then pending in the county court were void; and seeking to recover $10,000 actual and $15,000 exemplary damages. Appellee filed a plea to the jurisdiction of the district court and a plea in abatement, based upon the claim that the county court had theretofore obtained jurisdiction of the cause of action asserted by appellant by a condemnation proceeding, which was then pending in such court. These pleas were submitted to the court and taken under advisement. Before any ruling was entered thereon, appellant, by leave of the court, filed his amended petition, which was the same as the original petition, except that, in addition to the allegations of the original petition, it contained a count in trespass to try title. From the action of the district court in sustaining both the plea in abatement and the plea to the jurisdiction and dismissing the suit, an appeal has been perfected to this court.

Upon the trial of the pleas, it was shown that theretofore the following actions had been taken in the county court in condemnation proceedings: Appellee had filed its petition with the county judge, seeking to condemn certain lands belonging to appellant and wife for the erection and main-

tenance of an · electric transmission line across same. Commissioners to assess the damages had been appointed by the county judge. These commissioners had duly qualified, issued a notice to· appellant and his wife of the hearing, which notice had been duly served. An award of $2,000 damages had been made in favor of appellant and his wife, from which award appellee had appealed to the county court. It had deposited with the county clerk $4,000, an amount double the amount of the award, and also executed a bond in accordance with the statute.

It is here insisted that the county court was without jurisdiction to hear and determine the condemnation proceedings, on account of the insufficiency of the description of the property sought to be condemned, and that the proceedings to condemn were therefore void and subject to collateral attack in the district court. Under our view of this case, we do not find it necessary to pass upon the sufficiency of the description. The question presented to us, as we view it, is whether the district court was authorized to inquire into the regularity of the proceedings then pending in the county court. We have not a case where the county court is without any potential jurisdiction of the subject-matter, but a case where, by express statutory enactment, jurisdiction is conferred upon the county court, and it is sought to have the district court inquire into the regularity of the proceedings in the county court while the case is still pending therein. The effect of permitting appellant to proceed with his case in the district court would be to authorize the district court to decide for the county court a question pending in the latter court. The due and orderly processes of our courts require that such right of one court to determine the jurisdiction of another court to hear and determine a matter therein pending, of which matter the latter court has potential jurisdiction, shall be denied. Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063; Texas Employers' Ins. Ass'n, v. Neal (Tex. Civ. App.) 11 S.W.(2d) 847 (error refused); Benat v. Dallas County (Tex. Civ. App.) 266 S. W. 539 (error refused); Stemmons v. Dallas Power & Light Co. (Tex. Civ. App.) 212 S. W. 222 (error refused); Ellis v. Houston & T. C. R. Co. (Tex. Civ. App.) 203 S. W. 172 (error refused); Wilson v. Donna Irr. Dist. No. 1 (Tex. Civ. App.) 8 S.W.(2d) 187 (error refused); Texas & N. O. R. Co. v. City of Beaumont (Tex. Civ. App.) 285 S. W. 944 (error refused).

In the case of Benat v. Dallas County, supra, a distinction, which we think to be sound, is made between cases in which no power to condemn rested in the plaintiff in the condemnation suit and cases in which the power was vested, but the proceedings were not regular. We approve the following language in that opinion:

"We recognize the correctness of the doctrine of the Ellis and other cases referred to, that is, that where the condemnation of property is sought by a petitioner to whom the power of eminent domain is given by law all questions that may arise in said proceedings, such as the right to exercise the power in the instant case, or the right to condemn the particular property involved, the amount of damages, the regularity of the proceedings, etc., must and should be determined in the condemnation proceedings for the reason that in all such cases the statutes regulating the condemnation of property apply and must therefore control.

"This, however, presupposes that the moving party is vested with the power of eminent domain. On the other hand, where it affirmatively appears, as it does in this case, that petitioners (appellees) were not vested with the power of eminent domain, and had no right under the law to have appellant's property, situated within the limits of the city of Dallas, condemned for street or highway purposes, no jurisdiction is conferred by filing a petition for condemnation, and all proceedings thereunder would be void."

In the case of Texas Employers' Ins. Ass'n v. Neal, supra, this court had under consideration the authority of the district court of Callahan county to mature an award of the Industrial Accident Board, based upon allegations and proof that the appeal from the ruling of the board was made to a county in which the injury did not occur. We held that the district court of Reeves county, in which the appeal was pending, should determine its own jurisdiction, and that confusion would result from having one trial court pass upon the jurisdiction of another court to hear and determine a case pending therein. In refusing a writ of error in that case, the Supreme Court wrote a short memorandum, as follows: "The record in this case shows that the petition of the Texas Employers' Insurance Association to set aside the award in favor of the plaintiff in error, Neal, by the Industrial Accident Board, was filed in the District Court of Reeves County on January 12, 1928, which was before the filing of the instant suit by Neal in the District Court of Callahan County to mature the award. This being so, the issues as to whether or not the accident occurred in Reeves County, and as to the jurisdiction of the District Court of that county, to entertain the suit filed by the Texas Employers' Insurance Association, are justiciable questions in the District Court of Reeves County, for the · determination of· which that court is one of dominant jurisdiction. Cleveland v. Ward, 116·Tex. 1, 285 S. W. 1063. The writ of error is accordingly refused [14 S.W.(2d) 793]."

The allegations in trespass to try title contained in the amended petition do not materially alter the situation. Appellant's amend-

ed petition shows on its face the pendency of condemnation proceedings in the county court. The petition in condemnation by appellee acknowledged title in appellant and wife, and, in effect, was a disclaimer of any title by it. The reason for the rule that statutory allegations in trespass to try title do not aid a petition which undertakes to plead title specially has application. The petition shows on its face that appellee's claim to title is by virtue of condemnation proceedings, and that the basis of appellant's suit was an alleged irregularity in such proceedings.

The trial court, as stated above, sustained both the plea to the jurisdiction and the plea in abatement, and dismissed the cause from its docket. We think the plea to the jurisdiction should have been overruled and the plea in abatement should have been sustained, without prejudice to the right of appellant to revive his suit if and when the condemnation proceedings pending in the county court are finally decreed void. Life Ass'n v. Goode, 71 Tex. 90, 8 S. W. 639; Rieden v. Kothman (Tex. Civ. App.) 73 S. W. 425; Kelly v. Rochelle (Tex. Civ. App.) 93 S. W. 164; Long v. Long (Tex. Civ. App.) 269 S. W. 207.

The judgment of the trial court will be accordingly reformed, and, as reformed, will be affirmed.

· Reformed and affirmed.

### On Motion for Rehearing.

█ It is insisted on motion for rehearing that our original opinion is in direct conflict with a great many decisions of our Courts of Civil Appeals and of the Supreme Court. We have carefully read all of the opinions in the cases with which it is claimed we are in conflict, and are unable to agree that the conflict in fact exists. It is particularly urged that there is a conflict between our holding and that of the Supreme Court in the case of Haverbekken v. Hale, 109 Tex. 106, 204 S. W. 1162. We fail to understand the application of the holding in that case to the issue which we have decided in the instant case. That was a case in which an injunction was brought in the district court against the commissioners' court. The right of the district court to supervise and control the commissioners' court was placed in that opinion on section 8, art. 5, of the Constitution, and it was held that the supervisory control conferred by the Constitution upon the district court could be exercised through its equitable jurisdiction. It was accordingly announced that the attack by injunction in the district court was a direct attack upon the proceedings of the commissioners' court, which permitted a full inquiry into such proceedings, unhindered by any presumptions which would be indulged in a collateral attack upon a court of general jurisdiction. It was there stated that "not otherwise could the District Court supervise and control its action." In the instant case the attack is purely collateral. The supervisory control of the district court does not extend to proceedings over which the county court is given jurisdiction by law.

It is also insisted that we are in conflict with the recent opinion by the Commission of Appeals in the case of Gulf Coast Irrigation Co. v. Gary, 14 S.W.(2d) 266. We are unable to discover such conflict. It was stated in that opinion, as pointed out in the motion, in substance, that, where condemnation proceedings are void for want of power or jurisdiction of the county court to condemn the property, then an attempted entry under such void proceedings may be enjoined, but we do not interpret that opinion to hold at all that during the progress of condemnation proceedings in the county court the defendant in such proceeding can maintain an action for damages in the district court based upon an alleged insufficiency of description of the petition in condemnation. That opinion, in discussing the effect of article 3269, R. S., cites with approval some of the authorities cited in our original opinion. One authority there cited is the case of Texas & N. O. R. Co. v. City of Beaumont, 285 S. W. 944 (writ refused), in which the following holding is made: "We are also of the opinion that, if the petition for the appointment of commissioners was defective as claimed, it was open to appellant to present its objection thereto in the county court at law, if dissatisfied with the report and award of the commissioners, and under the authorities of this state, as we read them, that court is vested with the authority to hear and determine any objection that appellant might timely raise in connection with the condemnation proceeding, and that court is the only tribunal constituted by law with the authority to determine such questions in the first instance."

There is a statement in the opinion in the case of Gulf, C. & S. F. R. Co. v. Ft. Worth & R. G. R. Co., 86 Tex. 537, 26 S. W. 54, which seems to support appellant's contention. In that case one of the grounds relied upon to support the authority of the district court to enjoin the appellee from crossing appellant's track by virtue of the condemnation proceedings was that the application for the appointment of commissioners did not contain the necessary allegations to confer jurisdiction to appoint them. Our Supreme Court, speaking through Justice Brown, said that, if that allegation was well taken, the action of the county court was void, and the suit could be maintained in the district court. However, it was held in that case that the petition was sufficient to confer jurisdiction, and the question was not decided. Were that the only expression from our Supreme Court, we might feel impelled to follow it, although it was dictum, but later holdings by that

court, in which the question was considered and decided, as in the cases of Cleveland v. Ward and Neal v. Texas Employers' Ins. Ass'n, 14 S.W.(2d) 793, establish the rule followed in our original opinion, as we understand those holdings, and we are undertaking to follow them both because they are authority on the question and because we believe them to be wholly sound.

It is also insisted that, even if the proceedings in the county court were valid, appellant's action set out in his petition for damages arising from the alleged illegal use of the writ of injunction by appellee could not be determined in the condemnation proceedings, and that we erred in abating that portion of his cause of action. His petition alleges such damages upon the ground that appellee knew at the time it filed its petition for injunction that it had not complied with the law in endeavoring to condemn the right of way across appellant's land. There is, as we construe the petition, no cause of action pleaded for damages for suing out an injunction separate and apart from the fact that the condemnation proceedings were not in compliance with the law. That is the question which we have held should be determined by the county court of Nolan county or by the appellate courts on an appeal from that court.

We have given to this case more than customary time and thought. It involves, to our mind, an important question. We believe that our holding is essential to the proper and orderly administration of the laws, and that to hold otherwise would be to authorize unseemly and vexatious conflicts of jurisdiction. To abate the present suit pending an orderly determination of the one pending in the county court cannot work a great injustice to appellant, and to proceed with the trial thereof before the determination of the case in the county court might result in a situation not unlike the unfortunate one disclosed by the facts in the case of Cleveland v. Ward.

The motion for rehearing will be overruled.